## SHERNECKER vs. THEIN.

### ERROR TO CIRCUIT COURT, DANE COUNTY.

Heard February 29.]                    [Decided June 4, 1860.

#### Amendment—Pleadings.

A defendant who, to an action of trespass, has pleaded the general issue, will not, after the jury has been empanneled, but before any evidence has been introduced, be allowed to amend his answer, by inserting an accord and satisfaction had before the commencement of the suit.

The facts in this case will sufficiently appear from the opinion of the court.

*Nat. Rollins*, for the plaintiff in error.

. *J. C. Hopkins*, for the defendant in error.

*By the Court*, COLE, J.   The only error complained of in this case, is the refusal of the circuit court to allow the plaintiff in error to amend his answer in the respect asked for on the trial.   The action was to recover damages for an alleged assault and battery.   The defendant below, and plaintiff here, answered, denying each and every allegation of the complaint.   On the trial, after a jury was empanneled, but before any witnesses were sworn on either side, the defendant asked leave to amend his answer, by inserting therein the following statement, to wit:

"And the said defendant, further answering, says, that after the time when said trespasses are alleged to have been committed, as stated in said complaint, and before the commencement of this suit, the said plaintiff and this defendant did settle all their difficulties, of every kind and nature, and that then and there, in consideration of the sum of one

dollar, which the said defendant did then and there pay to said plaintiff, the said plaintiff did release and acknowledge satisfaction in full of all demands of debts, trespasses, and suits pending."

The court refused to allow this amendment to be made, and, as we think, very properly.

Under our present revised statutes, the power of the court to amend the pleadings and proceedings in a cause, in furtherance of justice, is exceedingly ample, and still it is not unlimited. If it were, there would be but little advantage in having written pleadings made up before trial, since a party might come into court prepared to sustain one cause of action, and meet one line of defense; and yet, if on trial an entirely new cause of action or defense could be substituted by an amendment to the original pleadings, the parties would be taken by surprise, and their rights would more frequently be defeated under such a practice than under the old system, where a party was sometimes thrown out of court, or his defense rendered unavailing, on account of some trifling variance between the pleadings and proofs in the cause. The force of these observations can in no way be rendered more obvious, than by applying them to the case under consideration. Here, upon the trial, the defendant sought to set up an entirely new substantive defense to the action. It was proper matter to be embraced in a supplemental answer, which the court would undoubtedly have permitted to have been filed at an earlier stage of the cause. But to permit such amendments to be made on the trial, it is easy to perceive, will often work the greatest injustice. The defendant proposed to show, under his amended answer, accord and satisfaction; that, in consideration of one dollar, the plaintiff had released and acknowledged satisfaction of this cause of action. There was certainly nothing very meritorious in the proposed defense; besides, it appears

that the settlement was made before the commencement of the suit, and of course was well known, if true, to the defendant, at the time of filing his original answer. We have no doubt but the proposed amendment changed, substantially, the defense, and therefore the court properly refused to allow it.

The judgment of the circuit court is affirmed.