Cotzhausen, Respondent, vs. H. W. Johns Manufacturing Company, Appellant.

*April 27 — May 15, 1900.*

*Garnishment: Dismissal of principal action: Costs: Appeal from clerk's taxation.*

1. Where the plaintiff, after service of garnishee process, discontinues the principal action and judgment of discontinuance is thereupon entered, the defendant has judgment within the meaning of sec.

2766, Stats. 1898 (providing that, if the defendant have judgment, the garnishee action shall be dismissed with costs), and he is thereupon entitled to tax his costs in accordance with sec. 2921, Stats. 1898, regulating the items of the fee bill.

2. In such case sec. 2772, Stats. 1898 (providing that in all cases not expressly provided for the court may, in its discretion, award costs in favor of or against either party), does not apply, the case of dismissal of garnishment proceedings upon judgment for defendant in the principal action being expressly provided for by sec. 2766, Stats. 1898.

3. Sec. 2762, Stats. 1898 (providing that in case the garnishee's answer shall show indebtedness to the defendant the garnishee may withhold three dollars as his costs), does not limit the amount of costs which, under sec. 2766, Stats. 1898, the defendant can recover in the garnishee action upon the discontinuance of the principal action.

4. Sec. 2762, Stats. 1898, fixing the garnishee's costs at three dollars, where his answer shows a present indebtedness to defendant, does not apply where the garnishee's answer shows an indebtedness to some corporation of the same name, the identity of which with the defendant is not conceded.

5. On appeal from the taxation of costs in favor of the defendant and against the plaintiff, the fact that the rights of the garnishee against the plaintiff are ignored does not prejudice the plaintiff.

6. Where on taxation of costs by the clerk none but general objections are overruled, specific items of the bill cannot be reviewed on an appeal from the clerk's taxation.

APPEAL from orders of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

Plaintiff, having sued defendant as a New Jersey corporation, garnished Anton Stollenwerk *et al.* They answered, admitting an indebtedness of $772.50 to a corporation of the same name as the defendant, but alleged that their creditor contended that it was not identical with, but entirely distinct from, the defendant sued by the plaintiff. Said answer submitted the question of liability to the court, and offered to pay the money upon being properly protected. No issue was taken upon this answer. The principal defendant at one time made a petition that this money be ordered paid into court, and paid over to it upon the giving of a bond, which application was denied. Plaintiff, after judgment in

his favor in the principal action, prayed judgment that the
garnishee be required to pay into court, which apparently
never was passed upon by reason of an appeal from that
judgment and stay bond. The judgment for plaintiff in the
principal action being reversed in this court (100 Wis. 473),
the plaintiff discontinued, and a judgment of discontinuance
was entered in the principal action. Thereafter, on motion
of the defendant's attorneys, the court entered a judgment
dismissing the garnishee action, whereupon the defendant,
upon notice, presented for taxation its bill of costs. To that
the plaintiff interposed four objections: first, that defendant
was not entitled to costs in the garnishee action, it not hav-
ing served any answer therein; second, that costs were lim-
ited by law to three dollars; third, to specific items of party's
fees; and, fourth, "to all of defendant's alleged disburse-
ments, and to each and every item thereof, for the reason
that the same were not lawfully incurred, and the plaintiff
is not liable therefor." The third objection (to specific items
of party's fees) was sustained by the clerk, and upon the
fourth objection (to disbursements) one item was disallowed,
the others being allowed; whereupon the bill was taxed at
the sum of $42.32, and that amount included in the judg-
ment. The plaintiff thereafter gave notice for the discon-
tinuance of the garnishee action, and moved the court to
vacate and set aside the judgment entered in the garnishee
action in favor of the principal defendant and against the
plaintiff, and also applied for a review of the taxation of
costs by the clerk. Upon the first of these motions the court
entered the following order: "Ordered and adjudged that
said motion be, and the same is, granted. Let the clerk of
this court make the necessary entries accordingly, vacating
said judgment as to costs in favor of the *H. W. Johns Manu-
facturing Company.*" Upon the second the following order
was entered: "Ordered and adjudged that said motion be
granted, and the plaintiff's several objections, as interposed

before said clerk, are hereby sustained. Let the clerk of this court make the necessary entries conformable hereto." Defendant, after excepting to both said motions, appealed therefrom by a single notice of appeal.

*Joseph B. Doe,* for the appellant.

*F. W. von Cotzhausen,* respondent, *in persona.*

DODGE, J. The question presented is purely a statutory one. With the propriety or equity of the result this court cannot concern itself. With the legislature lay the question of policy, and on that branch of the government must rest responsibility for any results. Sec. 2766, Stats. 1898, provides: "The proceeding against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all the provisions of law relating to proceedings in civil actions at issue, including examination of the parties, amendments and relief from default or proceedings taken, and appeals and all provisions for enforcing judgments shall be applicable thereto; but when the garnishment is not in aid of an execution no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, although it may be noticed for trial; and if the defendant have judgment the garnishee action shall be dismissed with costs." The defendant had judgment. The garnishee action must, therefore, be "dismissed, *with costs.*" "When allowed, costs shall be as follows" (fee bill). Sec. 2921. In attempted accordance with that statute, the allowance was had in the judgment as originally entered. At least, no objections to specific items were overruled by the clerk, and therefore properly before the court for review. The conclusion is irresistible that the judgment was correct as originally entered, unless some other statute contradicts and prevails over those above referred to. Is there any such? Counsel for respondent point only to sec. 2772, providing: "In all

Cotzhausen vs. H. W. Johns Mfg. Co.

cases (except trial of issue) under this chapter *not expressly provided for* the court may award costs in favor of or against any party in its discretion." But the case of dismissal of garnishment upon judgment for defendant is "expressly provided for," and that provision of sec. 2772 cannot apply to the present case.

Counsel also urge that the amount of costs is limited to three dollars. That contention must rest on sec. 2762, but that section fixes three dollars as the amount only "in case the garnishee answer shall show indebtedness to the defendant," whereupon the garnishee may withhold three dollars for his costs upon paying the money into court. In the case before us the answer did not show indebtedness *to the defendant*, but to some corporation of the same name, the identity of which with the defendant was not conceded. We have searched diligently for other statutory provisions, but have found none which can justify us in denying effect to the unequivocal language of sec. 2766, above quoted. *Ita lex scripta est.*

Respondent suggests that the judgment for costs ignored the rights of the garnishee. If so, the right to complain is with the latter. It is mere *jus tertii*, infringement of which cannot be prejudicial to respondent.

We cannot consider any of the specific items of costs, for none but general objections were overruled by the clerk. General objections cannot justify review of specific items on appeal from the clerk's taxation. Circuit Court Rule XXXIII.

We are constrained to hold that no case was presented for the exercise of judicial discretion in modifying the judgment as was done, and that error was committed in each of the orders granting such modification.

*By the Court.*— Both orders appealed from are reversed, and the cause remanded with directions to reinstate the judgment as originally entered. ·