STATE, Respondent, vs. DINGMAN, Appellant.

*March 14—April 15, 1941.*

For the appellant there was a brief by *Harold V. Schoenecker,* attorney, and *Stewart G. Honeck* of counsel, both of Milwaukee, and oral argument by *Mr. Schoenecker.*

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Daniel T. Hosek,* district attorney of Wood county, and oral argument by *Mr. Platz* and *Mr. Hosek.*

ROSENBERRY, C. J.   The defendant was sentenced to life imprisonment on October 10, 1935.   There was a motion for a new trial which was denied on the 1st day of March, 1937. Notice of appeal from the order and judgment was dated December 16, 1940, and was served on the 18th day of December, 1940.   The record was remitted to this court and the attorney general moves that the appeals be dismissed because not taken within the time limited by law.   Because of the fact that an appeal was not timely taken in this case counsel for the defendant now seeks to get the matter before this court upon the contention that there is a conflict in the statutes with respect to the time within which an appeal should be taken in a criminal case.

Sec. 358.11, Stats., is as follows:

"Writs of error in criminal cases may issue and bills of exception may be served, noticed and settled in the manner and within the time, and motions for new trial may be made

upon the same grounds, provided by law in civil cases, but no writ of error upon a judgment of conviction for an offense punishable by imprisonment for life shall issue unless allowed by one of the justices of the supreme court upon notice given to the attorney general; and no writ of error in any criminal case shall stay or delay the execution of the judgment unless it shall be allowed by one of the justices of the supreme court, with an express order for such stay of proceedings; in which case such justice of the supreme court may, at the same time, make such order as the case may require for the custody of the plaintiff in error or for letting him to bail, or such plaintiff in error may, upon a *habeas corpus,* procure his enlargement by giving bail if entitled thereto."

That section has been in force in substantially the same form for many years and was sec. 4724 of the statutes of 1898.

Sec. 358.13, Stats., was introduced into the statutes by the enactment of ch. 333, Laws of 1927. The last clause of that section is as follows:

"The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any criminal case is limited to one year from the date of entry of such judgment or order."

The conflict between the provisions of the two statutes is plain, and the law is that so far as they are in conflict the later enactment prevails. *Jones v. Broadway Roller Rink Co.* (1908), 136 Wis. 595, 118 N. W. 170; *Thom v. Sensenbrenner* (1933), 211 Wis. 208, 247 N. W. 870.

Since the enactment of ch. 333, Laws of 1927, the time within which a writ of error must be issued or an appeal taken in order to review a judgment or order in a criminal case is limited to one year from the date of the entry of such judgment or order. However, it is further contended that in some way that is not clear sec. 274.01, Stats., applies. The provision claimed to be applicable is as follows:

"But if the person against whom a judgment is rendered is, at the time of the rendition thereof, either a minor or

insane, or imprisoned on a criminal sentence, the time during which such disability shall continue, not exceeding ten years, shall not be reckoned a part of said six months."

It is considered that this statute has no application to writs of error or appeals in criminal cases. If it did apply, it did not apply in this case for the reason that at the time the judgment was rendered the defendant was not imprisoned. His imprisonment followed the sentence and was not concurrent with it. There could be no imprisonment under the judgment until the judgment was rendered.

*By the Court.*—The motion of the attorney general to dismiss the appeals from the said judgment and order is granted and the said appeals are dismissed.