THE STATE, Appellant, vs. WERTZEL, Respondent.

*February 3 — February 21, 1893.*

(1–3) *Collection of forfeitures: Authority to commence action and to appeal: Change of venue: Waiver.* (4) *Encroachments: Location of highway.* (5) *Taxation of costs: Review.*

1. In an action to recover a forfeiture, a statement in the bill of exceptions that the action was commenced by direction of the chairman of the board of supervisors of the town in which the forfeiture was incurred, conclusively shows that the action was properly commenced under sec. 3298, R. S.

2. An appeal from a judgment against the state in such action, taken by written direction of the district attorneys of the county in which the action was brought and of that in which the trial was had, is properly taken under sec. 3298, R. S.

3. If, in an action to recover a forfeiture, the chairman of the town in which the forfeiture was incurred was not the proper person to make the affidavit for a change of venue, the objection was waived by general appearance and trial of the action in the county to which it was sent.

4. The question being as to the location of a highway laid out on a section line and not from any natural or fixed monuments, and the evidence as to the location of one of the original quarter posts being conflicting, the jury were properly instructed that such quarter post, if located, would control, but if it was not located they must determine from the evidence where the correct line was.
5. Circuit Court Rule XXXIII, as to the taxation of costs. was intended to make the hearing before the court simply a review of the case made before the taxing officer, and not a trial *de novo* upon new objections or proofs, unless under exceptional circumstances.

APPEAL from the Circuit Court for *Trempealeau* County.

This is an action to recover the penalty prescribed by sec. 1331, R. S., for an alleged encroachment upon a highway in the town of Ludington, Eau Claire county. It has been once before this court upon appeal from a former judgment, and is reported in 62 Wis. 184, where it was decided that the highway was legally laid out, and that the evidence did not show an abandonment thereof. The action has been again tried in Trempealeau county, whither it was removed by change of venue upon application of the state. Upon this trial the question litigated was as to the correct location of the highway, and from a judgment in favor of defendant the state again appeals.

*Alexander Meggett*, for the appellant.

*T. F. Frawley*, for the respondent.

WINSLOW, J. A motion is made by respondent to dismiss this appeal, for three reasons, viz.: (1) Because it does not appear that the action was commenced by direction of any of the officers named in sec. 3298, R. S.; (2) that the place of trial was improperly changed on the affidavit of a mere stranger; (3) that the appeal was taken by a private citizen, whereas the district attorney or attorney general alone were competent to appeal. None of the grounds on which the motion is based are well taken, and the motion must be denied. *First.* The bill of exceptions states

that the action was commenced by direction of the chairman of the board of supervisors of the town of Ludington.  This is conclusive.  *Second.*  The affidavit for change of venue was made by the chairman of the board of supervisors of the town of Ludington.  If he was not the proper person to make the affidavit, the point was waived by general appearance and trial of the action in Trempealeau county without objection.  *Carpenter v. Shepardson,* 43 Wis. 406.  *Third.*  The appeal was taken by Mr. Meggett by written direction of the district attorneys of both Eau Claire and Trempealeau counties; thus it was clearly properly taken under sec. 3298, R. S.[1]

Upon the merits of the case no extended discussion nor specific enumeration of the errors alleged seems to us profitable.  The case seems to us to have been properly tried and fairly submitted to the jury.  The road in question was laid upon the section line between sections 10 and 11, and not from any natural or fixed monuments.  It was two rods in width on each side of this line.  The state produced evidence tending to show the location of one of the original quarter posts, and thus claimed to locate the section line.  If the state's claim was correct, the defendant's fence encroached considerably on the highway.  On the other hand, the defendant introduced in evidence proof of several surveys tending to show that the state's witnesses were mistaken as to the finding of the quarter post, and locating the line in a different place.  If defendant's surveys were correct, the fence in question did not en-

[1] Sec. 3298, R. S., provides that no action to recover a forfeiture "shall be brought before any justice of the peace except by direction of the attorney general, district attorney of the county,  .  .  .  or supervisor of a town, in which the forfeiture is incurred;  .  .  .  and no appeals shall be taken  .  .  .  to the circuit or supreme court from a judgment against the state, unless directed by the attorney general or district attorney." — REP.

The State vs. Wertzel.

croach on the highway. The circuit judge struck the keynote of the case when he said to the jury: " Now, gentlemen, really the question all turns upon this point: Where is the government line or subdivision? The order laying out the highway does not lay it out from any fixed monument, as from a stake they had set there on the bank of the creek, or near there. It is not laid out in that way at all, but laid out by government lines. So the real question is, Where was the government line at that point?" He further instructed the jury, substantially, that if they found that the original quarter post was located, that would control, but if not, then they were to determine from the evidence where the correct line was. We see no error in the charge, and none in the rulings upon evidence. The verdict, therefore, must stand.

Objection is made to numerous items of costs as taxed. It appears that the costs were taxed by the clerk upon the usual affidavits. Objections were made before the taxing officer, but no counter affidavits or proofs filed. Afterwards the plaintiff moved for retaxation of the costs before the circuit judge, and filed a number of affidavits in support of his objections. The circuit judge struck out some items of the original bill as taxed by the clerk, and declined to strike out any more, because the evidence before the clerk was sufficient to justify his taxation. This ruling seems substantially to carry out the provisions and intent of Circuit Court Rule XXXIII as to taxation of costs. This rule requires objections to be filed before the taxing officer, with the proofs supporting the same, and provides that no objection shall be entertained upon review of the taxation which was not made before the taxing officer, unless the court shall otherwise allow, in order to prevent great hardship or manifest injustice. The object of the rule seems to be to make the hearing before the court simply a review of the case made before the taxing officer, and

not a trial *de novo* upon new objections and proofs, unless there be exceptional circumstances which warrant the court in opening the case anew. We see no error in the ruling.

*By the Court.*— Judgment affirmed.