Wheeler and others vs. Russell and another.

Wheeler and others, Appellants, vs. Russell and another, Respondents.

|  |  |
|---|---|
| 93 | 135 |
| 93 | 87 |
| 93 | 135 |
| 95 | 138 |
| 93 | 135 |
| 105 | 97 |

*March 31 — April 14, 1896.*

*New trial: Presumptions on appeal: Showing in support of motion: Setting aside judgment: Entry of judgment pending motion for a new trial: Stay of proceedings.*

1. Where the record shows affirmatively upon what grounds the trial court acted in granting a new trial, no presumption in favor of the order can be indulged in outside of what is disclosed by the record.

2. A motion for a new trial on the ground of mistake or of newly-discovered evidence can be granted only on notice and special cause shown.

3. After the entry of judgment a motion to set aside the verdict and grant a new trial should not be entertained unless joined with a motion to vacate the judgment.

4. The giving of notice or entry of a motion for a new trial does not, of itself, operate to stay the entry of judgment on the verdict.

Appeal from orders of the circuit court for Outagamie county: John Goodland, Circuit Judge. *Reversed.*

This was an action to recover the price of a car load of wheat shipped by the plaintiffs at Minneapolis, Minnesota, to the defendants at Kaukauna, Wisconsin, February 19, 1894, at the agreed price of $485.07. The answer was, in substance, a general denial. Upon trial before a jury the plaintiffs had a verdict for $506.85.

On the following day the defendants moved to set aside the verdict and for a new trial, "for the reason that the verdict is contrary to the law and the evidence, and for the further reason that the defendants have a good defense to the merits, which evidence has been discovered since the verdict was rendered." Eleven days afterwards the plaintiffs perfected judgment on the verdict for the amount thereof, with costs. The defendants moved to set aside the judg-

ment on the ground that it had been entered while the motion for a new trial was pending, without the knowledge or consent of the court or defendants, and that the clerk had no right to enter it. The court vacated the judgment accordingly, at the same term during which the action was tried, and on the same day entered an order "on a motion of defendants by their attorney, no one appearing in behalf of the plaintiffs, that the verdict of the jury be set aside and a new trial granted on the ground of a *mistake* on the part of the defendants," upon payment of the costs of the trial and attorneys' fees allowed and taxed at $75, and granting leave to the defendants to serve an amended answer within twenty days.

There was a bill of exceptions purporting to contain all the evidence and the charge of the court, to which there was no exception. The bill of exceptions is certified as containing everything that had been filed in the action and appearing of record, and all the evidence produced at the trial, as well as the charge of the court, and "all the proceedings had upon the trial and thereafter, and *all the facts and papers and records* upon which the orders granting a new trial and setting aside the verdict and judgment were made." The plaintiffs appealed from both orders.

For the appellants there was a brief by *F. M. White* and *Brown & Buffington*, and oral argument by *F. V. Brown.*

*A. A. Nugent*, for the respondents.

PINNEY, J. 1. The record in this case shows affirmatively upon what grounds the court acted in making the orders appealed from, so that no presumption in favor of the orders can be indulged in outside of what is disclosed by the record. If they are not justified by what appears from the record, they must be reversed. There is nothing in the record to show that the defendants made any *mistake* in the conduct of the action, or to show what the court regarded

as such.   The order setting aside the verdict and granting
a new trial does not, upon its face, show, as it should, upon
what affidavits, records, and papers it was granted, as re-
quired by Circuit Court Rule XI, sec. 6.   *Glover v. W. & M.
Grain Co., ante*, p. 13.   The defendants at the trial sought to
show that the wheat in question was damaged and un-
merchantable, by reason of which they had been greatly
injured, without having set up such defense by way of
counterclaim or otherwise, and for that reason the evidence
offered was properly rejected.   It was then too late to make
application to amend the answer in this respect, for to have
done so would have been to introduce an entirely new de-
fense, or to set up for the first time a cause of action by
counterclaim, changing substantially the defense.   R. S. sec.
2830; *Shernecker v. Thein*, 11 Wis. 556; *Stevens v. Brooks*,
23 Wis. 196.   No application to amend having been made,
a verdict was rendered against the defendants.   The record
does not show that any error of law or of fact intervened
to the prejudice of the defendants at the trial, and it is not
claimed that there was any such error.   It is probable that
by the *mistake* referred to in the order granting a new trial
the court intended the failure of the defendants to have
properly pleaded the defense in respect to the condition and
quality of the wheat, and we conclude from the record that
it has reference to the defense to the merits, the evidence of
which had been discovered after the verdict, as stated in the
motion for a new trial.   It does not appear that the defend-
ants filed but the one motion for a new trial, and presum-
ably this was the motion mentioned in the order granting it.

But whether a new trial was sought on the ground of mis-
take or of newly-discovered evidence, it could be granted
only on notice and special cause shown.   A new trial will
not be granted on the ground of newly-discovered evidence
unless the application shows that the applicant used due dili-
gence in preparing for trial and in seeking to ascertain the

evidence, and that there is reason to think that the newly-discovered evidence would produce a different result. The newly-discovered evidence must not be merely cumulative, and must be set out in the application, and, if it consists of the testimony of one or more witnesses, their affidavits must, as a rule, be produced. Applications on this ground are re-garded with disfavor. *Edmister v. Garrison*, 18 Wis. 603. If the motion is to be regarded as made on the ground of mistake, the application must still be special and upon no-tice, and show that the party has a meritorious cause of action or defense, the nature and circumstances of the mis-take, and that the mistake, inadvertence, surprise, or neglect was excusable. The granting of the motion on either ground was a matter resting in the sound discretion of the court, but it was necessary that a case should be brought before it by a sufficient application to bring such discretion into ac-tion. The party against whom such a motion is made has the right to oppose it by affidavits and proofs, and the court has no right arbitrarily to set aside a verdict on such grounds, even at the same term at which it was rendered, unless the motion is founded on a showing, by affidavit or otherwise, in its support. The record fails to show that any such showing was made, or that there was anything before the court upon which to found the motion on either ground; and it is certified that "all the proceedings had upon the trial and thereafter, and all the facts and papers and records upon which the orders" were granted, are embraced in the record. For these reasons the order granting a new trial cannot be sustained.

2. After the defendants had given notice and entered their motion for a new trial, and before it was heard, the plaintiffs, upon the usual notice of three days, taxed their costs and perfected judgment on the verdict in the usual manner, the defendants having neglected to obtain an order staying the entry of judgment until the motion for a new

trial should be determined. After the entry of judgment, a motion to set aside the verdict and grant a new trial should not be entertained, unless joined with a motion to vacate the judgment. *Whitney v. Karner*, 44 Wis. 564. The giving notice or entry of a motion for a new trial did not operate of itself to stay the entry of judgment on the verdict. The plaintiffs had the right to proceed to perfect judgment upon the usual notice, and on receiving this notice the defendants' attorney should have procured the necessary stay of proceedings. In *Davison v. Brown*, *ante*, p. 85, it is shown that to enable a party to make a motion for a new trial and have the full effect of it, it is generally necessary to obtain an order staying the proceedings of the opposite party (1 Burrill, Prac. 261, 467), and that at common law the taxing of costs and signing judgment were considered contemporaneous acts. The taxation of costs at common law related to the date of the judgment, which was the time of the record of the judicial decision in the record book of the proceedings of the court, and the date of that entry was the date of the judgment. *Polleys v. Black River Imp. Co.* 113 U. S. 83, 84. Under the present practice, upon receiving a verdict, "if a different direction be not given by the court, the clerk must enter judgment on the verdict" (R. S. sec. 2861); but the judgment is not perfected until the costs are taxed and inserted in the entry of judgment and in the docket thereof, which is to be done on the application of the prevailing party, upon three days' notice to the other. S. & B. Ann. Stats. sec. 2927. Until then it is not perfected so as to be even subject to appeal. *Cord v. Southwell*, 15 Wis. 211; *Smith v. Hart*, 44 Wis. 230; *Bonesteel v. Bonesteel*, 30 Wis. 151; *Andrews v. Welch*, 47 Wis. 136; *Haseltine v. Simpson*, 61 Wis. 432. The judgment was therefore regular, and it could only have been set aside as a matter of favor to enable the defendants to have their motion for a new trial heard. *Davison v. Brown*, *ante*, p. 85.

Inasmuch as the motion setting aside the verdict and granting a new trial is reversed, it becomes proper to restore the judgment by reversing the order setting it aside.

*By the Court.*— The orders appealed from are both reversed, and the cause is remanded to the circuit court.