DUNBAR, Respondent, vs. MONTREAL RIVER LUMBER COMPANY, Appellant.

*January 11—January 30, 1906.*

*Contracts: Construction: "Causes of action on account of any trespass:" Trespass: Survey: Costs: Taxation: Review: Power of court.*

1. Plaintiff claimed under a clause in a warranty deed: "The grantor hereby assigns and transfers to the grantee all its claims, demands, or causes of action for or *on account of* any trespass upon the real estate above described." *Held,* that the words "on account of any trespass" covered causes of action for conversion by defendant of timber cut by a third party as the trespasser.

2. Under sec. 2922, Stats. 1898 (providing that when in actions of trespass, trover, and replevin, founded upon the unlawful cutting of timber, or such cutting and its conversion, the amount of plaintiff's recovery exceeds $50, the plaintiff shall recover full costs, including therein any actual reasonable expense of one survey and ascertainment of the quantity of timber so cut, or cut and converted, made after the commencement of the action by one surveyor and one assistant, if duly proved as a necessary disbursement), only the per diem and actual and reasonable expenses of one surveyor and one assistant can be taxed, and it is error to allow either the wages or expenses of axmen, chainmen, cooks, or flagmen, in addition to the one assistant.

[3. Whether sec. 2922 authorizes necessary expenses in addition to mere per diem of the surveyor and assistant, suggested but not decided.]

4. On the facts, stated in the opinion, an allowance of $100 for the entire reasonable expenses of a survey is held sufficient.

5. On appeal from the taxation of costs made by the taxing officer, the function of the circuit court is simply to review his conclusion, not to try the question *de novo*.

APPEAL from a judgment of the circuit court for Iron county: JOHN K. PARISH, Circuit Judge. *Modified and affirmed.*

For the appellant there was a brief by *Lamoreux & Shea,* and oral argument by *W. F. Shea.*

For the respondent the cause was submitted on the brief of *Sanborn, Lamoreux & Pray.*

WINSLOW, J. This is an action to recover damages for the cutting of timber upon eight forty-acre tracts of land, the complaint containing one count for trespass and one count for conversion, both counts covering the same lands and timber. At the time the acts of trespass and conversion were committed the title to the lands and timber was in the plaintiff's grantor, the Hoffman Land Company. As to one of the forty-acre tracts the jury found that the trespass thereon was committed by the defendant, as to two of the tracts there was no proof, and as to the remaining five tracts the jury found that

the trespass was committed by one Stabler and that the logs were afterwards sold to and converted by the defendant, and judgment was rendered for the value of the logs which the defendant cut as well as the logs which it converted.

Prior to the commencement of the action the Hoffman Land Company sold and conveyed all the lands in question to the plaintiff by warranty deed, such deed containing the following clause:

"The grantor hereby assigns and transfers to the grantee all its claims, or causes of action for or *on account of* any trespass upon the real estate above described."

The only question upon the merits raised upon the appeal is as to the correctness of that part of the judgment which awards the plaintiff a recovery for the logs converted by the defendant. The argument is that the assignment above quoted does not cover a cause of action for conversion, but only causes of action for trespass. Had the assignment not contained the words "on account of" the appellant's argument would be strong that only causes of action for trespass were assigned, but the language is "causes of action for or *on account of* any trespass." This is a question of construction only, and the language used must be construed reasonably to give every word effect, if possible. Giving it the construction contended for by the appellant, the words "on account of" are absolutely superfluous and without meaning, because all claims for trespass are effectually assigned without them. "On account of" doubtless means "by reason of." *Brown v. German-American T. & T. Co.* 174 Pa. St. 443, 461, 34 Atl. 335, 343. A cause of action in trover for the conversion of logs previously cut by a trespasser certainly seems to be a cause of action resulting "by reason of" the initial trespass; the conversion is a natural and legitimate result of the trespass. It is difficult to see to what other claims or causes of action the words can refer, except claims or causes of action for conversion; and, as we have seen, the words should be given some meaning if

there be a reasonable meaning consistent with the evident intent of the parties which can be given to them. There is little in 'the way of authority which throws light upon the question, but we are satisfied that the trial court was right in construing the assignment as covering causes of action for conversion.

The remaining question in the case arises upon the taxation ·of costs. Our statute provides in substance (Stats. 1898, sec. 2922) that when in such actions as the present the amount recovered exceeds $50 the plaintiff shall recover full costs, including therein "any actual reasonable expense of one survey and ascertainment of the quantity of timber so cut, or cut and converted . . . made after the commencement of the action by one surveyor and one assistant if duly proved as a necessary disbursement." Under this section the plaintiff presented for taxation among the disbursements of the cost bill an item of $638.15, made up of the following items:

1903.

| | |
|---|---:|
| Nov. Paid twenty-six days' surveying and scaling trespass in town 44, 2 E................................... | $130 00 |
| Paid assistant for twenty-three days at $5 per day.... | 115 00 |
| Paid cook for twenty-four days at $2.50 per day...... | 60 00 |
| Paid two chainmen for twenty-five days each at $2 per day .......................................... | 100 00 |
| Paid one flagman for twenty-four days at $2 per day.. | 48 00 |
| Paid one axman for fifteen days at $2 per day........ | 30 00 |
| Paid livery hire.................................... | 27 00 |
| Paid man to pack groceries from Hurley, two days.... | 3 00 |
| Paid for grinding axes, drayage, express, oil, lantern, and spikes ...................................... | 4 00 |
| Paid for groceries and supplies...................... | 61 74 |
| Paid for repairing broken flag...................... | 2 50 |
| Paid for hotel bill at Hurley........................ | 12 50 |
| Paid expenses to Wausau and return, making report, and making bill of expenses of survey............ | 8 85 |
| Paid railroad fare and express...................... | 26 06 |
| Paid for field-notes and expense getting same........ | 5 00 |
| Paid E. Brazell for services rendered................ | 4 50 |
| | $638 15 |

Objection was made to every item of this bill, and the clerk cut down the same to $100. Upon motion for retaxation of the costs before the court the clerk's ruling was reversed and the whole sum of $638.15 was taxed and included in the judg-

ment.  The appellant assigns this ruling as error.  Affidavits
were presented on both sides before the clerk and before the
court; those submitted on the part of the plaintiff tending to
show that the charges were necessary and reasonable, and
those on the part of the defendant tending to show that the
whole work could have been easily done by a surveyor and
one assistant at an expense not exceeding $100.  The statute
itself is exceptional and unusual, and should receive no lati-
tudinarian construction.  It was intended to enable a plaintiff
to reimburse himself for an actual and reasonable outlay of
money necessary to ascertain and prove his damages, not to
enable him to inflict punishment upon the defendant.  While
it covers the actual and reasonable expense of the survey, and
thus may doubtless cover necessary expenses in addition to
the mere per diem of the surveyor and assistant, it is clear
that it is limited to the per diem and actual and reasonable
expenses of "one surveyor and one assistant."  Neither the
wages nor the expenses of axmen, chainmen, cooks, or flagmen
in addition to the one assistant are included.  *Ita lex scripta
est.*

In the present case there were but two forties surveyed as
to which proof was introduced by the plaintiff.  Upon one
forty, forty-eight logs, aggregating 8,000 feet, were cut, and
this was admitted by the answer; upon the other, nineteen
logs, aggregating 8,140 feet, were cut; and the damages re-
covered aggregated only $469.  Upon the face of the charge
it seems exorbitant, if not actually made in bad faith; nor is
this conclusion removed by the affidavits.  While the surveyor
employed by the plaintiff made affidavit that the expenditures
were all necessary, he included in the survey two forties in
another section concerning which no testimony was intro-
duced and no recovery had, and three competent woodsmen
made affidavits positively stating that they knew the lands,
had themselves gone over them, and that the entire reasonable
expense of a survey of the two forties as to which testimony

was introduced would not exceed $100. This testimony seems to us far more reasonable than that of the plaintiff's witness, and evidently so impressed the clerk. We can discover no good reason for disturbing his conclusion. He was the taxing officer, and the function of the court was simply to review his conclusion, not to try the question *de novo*. *State v. Wertzel,* 84 Wis. 344, 54 N. W. 579.

*By the Court.*—Judgment modified by reducing the same in the sum of $538.15, and, as so modified, affirmed, with costs to the appellant.