FOWLER, Appellant, vs. METZGER SEED & OIL COMPANY, Respondent.

SAME, Respondent, vs. SAME, Appellant.

*April 15—April 30, 1907.*

*Appeal: Trial contrary to stipulation: Consent of party alleging error: Compulsory reference: Long account: Appealable orders: Taxation of costs.*

1 After it had been stipulated by the parties that two actions should be tried together, the pleadings were amended and new issues introduced. On suggestion by the court of the difficulty of trying the cases together, plaintiff's attorney in one of them stated that he was willing to have it tried separately, and it was so tried. *Held,* that as against plaintiff there was no error in such separate trial contrary to the stipulation.

2. Where it appeared that the trial of an issue of fact required the examination of an account on one side containing more than 500 entries and one on the other side containing nearly 100 entries, a compulsory reference was authorized by sec. 2864, Stats. (1898).

3. An order fixing the costs to be inserted in a judgment is not appealable, but is reviewable on appeal from the judgment if the evidence on which it is based and the exceptions thereto are preserved in a bill of exceptions.

APPEALS from a judgment and an order of the superior court of Douglas county: A. J. VINJE, Judge. *Judgment affirmed; appeal from order dismissed.*

This action was commenced August 20, 1903, to recover $2,500 upon an agreement made prior to November 1, 1901, whereby the defendant, a corporation located at Toledo, Ohio, agreed to pay the plaintiff, residing in Superior, for buying flaxseed for the defendant at the rate of one cent per bushel, and in addition thereto to pay to the plaintiff $50 per month, the plaintiff to forward or advance on account of the defendant moneys for the purpose of assisting in the purchase and binding the contracts. The complaint alleged that the plaint-

iff remained in such employ until July 1, 1903; that the defendant failed and neglected and refused to pay the plaintiff the $50 per month or any other sum on or after November 1, 1901; and that there was due to the plaintiff from the defendant for such service $1,000, and also for moneys so advanced by the plaintiff on the purchase of flaxseed from the Dakota Elevator Company, for the use and benefit of the defendant, $1,500, no part of which has ever been repaid by the defendant.

The defendant answered by way of admissions, denials, and counter allegations, and also by way of a counterclaim for $3,755.50 as an alleged balance for moneys advanced by the defendant to the plaintiff in excess of receipts. The plaintiff replied to such counterclaim. Subsequently the complaint was amended by increasing the amount so alleged to have been advanced by the plaintiff from $1,500 to $8,500, and the prayer for judgment to $10,500. The answer was thereupon amended.

It appears that about the time of the commencement of this action another action was commenced by the so-called Dakota Elevator Company, doing business at Superior, against the defendant to recover several thousand dollars by reason of the decline in the market of flaxseed between the times of sales to this plaintiff, *H. T. Fowler,* as defendant's agent, and the defendant's refusal to accept the same, with storage charges and other expenses, the Dakota Elevator Company having, as claimed, sold the flaxseed to other parties at a loss of several thousand dollars. Issue having been joined in that action, on April 9, 1904, this stipulation was entered into by the parties to this action:

"It is hereby stipulated by and between the parties to this action first above entitled shall be placed upon the calendar of the present term of said court, and stand for trial at the same time as the action in which the Dakota Elevator Company is plaintiff, and that both of these actions shall be tried together at one and the same time."

The causes came on for trial before a jury May 5, 1904. Thereupon it was attempted to be proved that the so-called Dakota Elevator Company had been incorporated by amending the articles of incorporation and changing the name of the Terminal Storage Company of Superior to the Dakota Elevator Company, and, being unable to make such proof, the causes were adjourned to May 9, 1904, when the trial was resumed before the same jury. It having transpired that such proof could only be made by an absent witness, the causes were continued to the April term, 1905. The two actions finally came on for trial August 1, 1905, before a new jury. Thereupon counsel for the so-called Dakota Elevator Company announced that he was unable to prove such amendment of the articles of incorporation of the Terminal Storage Company, as such amendment was never filed in the office of the secretary of state or the register of deeds, and so he asked to amend the complaint in that action by making the plaintiff named therein stand as "The Terminal Storage Company, doing business as the Dakota Elevator Company." The court refused to allow such amendment, but otherwise allowed the pleadings in both actions to be amended as mentioned.

On the suggestion of the court that it would be difficult to try the two cases together, the plaintiff in this, the *Homer T. Fowler* case, expressed a willingness to try that case by itself, to which the defendant withheld its assent. The court then held that the two cases could not properly be tried together before the same jury, and thereupon directed the two causes to be tried separately before separate juries.

Thereupon, and after the reading of the affidavit for reference on the part of the defendant and the statement of facts in lieu of an affidavit on the part of the plaintiff, the court granted the defendant's motion for reference in the *Fowler* case, and, with the consent of counsel, appointed T. L. McIntosh such referee to hear proofs, take the evidence, make his findings of fact and conclusions of law, and report the same

to the court for confirmation, and that the official reporter at-. tend said trial as such. Thereupon this cause was tried be- fore the referee, who made his findings of fact and conclusions of law, which, after being modified and corrected, were con- firmed by the court, and from the judgment entered thereon in favor of the defendant and against this plaintiff for $4,729.58 damages upon its counterclaim, and costs, the plaintiff appeals to this court.

In taxing costs the clerk of the trial court allowed to the defendant witness fees for its treasurer and secretary, each $47.70, making $95.40, which the trial court by order re- versed and set aside and held for naught, and ordered such witness fees to be thereby fully disallowed, with $10 costs of motion. From that order the defendant appeals to this court.

For the plaintiff there were briefs by *Ross & Dwyer* and *Grace & Hudnall,* and oral argument by *George B. Hudnall.*

For the defendant there were briefs by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.*

Cassoday, C. J. 1. The plaintiff seeks to reverse the judg- ment upon two grounds, neither of which goes to the merits of the action. One of the errors assigned is that the court im- properly ordered the issues in this action and the action of the Dakota Elevator Company against this same defendant to be separately tried, contrary to the stipulation between the par- ties made April 9, 1904, as set forth in the foregoing state- ment. This order or direction of the court to try the two causes separately was made August 1, 1905, nearly sixteen months after the making of the stipulation. In the meantime the pleadings had been amended and new issues introduced, especially as to the case brought in the name of the Dakota Elevator Company, a supposed corporation, but the corporate existence of which the plaintiff's counsel conceded in open court he was unable to prove. Besides, when the trial court suggested the difficulty of trying the two cases together, coun-

sel for the plaintiff stated to the court: "We are willing to try this case by itself—the *Homer T. Fowler* case." Again, the court expressed a willingness "to proceed with the trial of either case separately before the jury impaneled to try the action generally, if the parties shall consent; otherwise the court will discharge the jury and impanel a jury in each case separately." Thereupon the same counsel for the plaintiff stated: "The plaintiff is willing to go ahead with the same jury in the case of *Homer T. Fowler* against the *Metzger Seed & Oil Co.*" The only objection came from counsel for the defendant, and he is in no position to assign error on that ground, and he does not. We must hold that there was no reversible error in trying this action by itself and separately from the other.

2. The only other error assigned by the plaintiff is in granting the motion of the defendant for a compulsory reference. The court is authorized, upon the application of either party or of its own motion, to direct a reference whenever the trial of an issue of fact requires the examination of a long account on either side. Sec. 2864, Stats. (1898). The affidavit on the part of the defendant for the reference states, among other things, in effect, that the trial of this action will require the examination of a long account *on each side of the case;* that the plaintiff had been examined under sec. 4096 and his deposition taken, and at that time, in obedience to a subpœna and order, he produced before a court commissioner his books of account and copy books, containing copies of letters, statements of both purchases and shipments of flax to the defendant in November and December, 1901, and entries in relation to the flax alleged to have been purchased for the defendant and not shipped; that the items of said account necessary to examine in the case relate to separate entries of over sixty carloads of flax, and contain the amount shipped, the price, weight, commissions, expense charges, in all covering more than 500 entries; and that the trial will further require the

examination of an account kept by the defendant containing about sixty-five debit entries and twenty-five credit entries. The affidavit is full of details and seems to satisfy all the requirements of the statute. The application for the reference was addressed to the sound discretion of the trial court. We find no abuse of such discretion in granting the reference. The merits of the controversy were not to be determined upon such application. The making of the order of reference is fully justified by the adjudications of this court. *Littlejohn v. Regents,* 71 Wis. 437, 443, 37 N. W. 346; *Sutton v. Wegner,* 74 Wis. 347, 43 N. W. 167; *Briggs v. Hiles,* 79 Wis. 571, 48 N. W. 800; *Lyle v. Esser,* 98 Wis. 234, 239, 73 N. W. 1008; *Winnebago Co. v. Dodge Co.* 125 Wis. 42, 103 N. W. 255.

3. The defendant appeals from the order disallowing and striking out two items of witness fees of $47.70 each. The order so appealed from fixed the costs to be inserted in the judgment, and, of course, must be regarded as having been made before judgment. *Cord v. Southwell,* 15 Wis. 211; *Hoey v. Pierron,* 67 Wis. 262, 30 N. W. 692; *Wheeler v. Russell,* 93 Wis. 135, 139, 67 N. W. 43. In other words, the judgment was incomplete until the costs were determined and inserted therein. Id. Such an order may be reviewed on an appeal from the judgment itself when the errors complained of appear upon the record. *Hoey v. Pierron, supra.* But an order allowing or disallowing costs is not reviewable by this court, unless the evidence upon which it is based and the exceptions thereto are preserved in a bill of exceptions. *Cord v. Southwell, supra; Perkins v. Davis,* 16 Wis. 470; *State v. Wertzel,* 84 Wis. 344, 54 N. W. 579; *Dunbar v. Montreal River L. Co.* 127 Wis. 130, 106 N. W. 389. We must hold that the order in question is not appealable.

*By the Court.*—The judgment of the superior court of Douglas county is affirmed, and the appeal from the order disallowing certain costs is dismissed.