Jones v. Broadway Roller Rink Co. 136 Wis. 595.

JONES, Appellant, vs. BROADWAY ROLLER RINK COMPANY, Respondent.

*October 20—November 10, 1908.*

*Civil rights: Exclusion of colored person from skating rink: Pleading: Statutes: Construction: Public place of amusement: Costs: Appeal: Review of intermediate orders: Exceptions: Bill of exceptions.*

1. A complaint alleging that defendant's skating rink was a place of public accommodation or amusement; that plaintiff, after paying the price of admission, was prohibited by defendant from skating for the reason that he was a colored man; and that defendant thereby denied to plaintiff the equal enjoyment of the rink by an illegal discrimination based wholly upon color,—is *held* to state a cause of action under sec. 4398c, Stats. (1898).

2. A roller skating rink to which the public are invited upon no condition but the payment of a fixed charge is a "place of public accommodation or amusement," within the meaning of sec. 4398c, Stats. (1898), relating to denial of the equal enjoyment of the accommodations of "inns, restaurants, saloons, barber shops, eating houses, public conveyances, . . . or any other place of public accommodation or amusement."

3. The provisions of sec. 4398c, Stats. (1898), relative to costs in actions brought thereunder, must prevail over the general statute (sec. 2918) enacted prior thereto.

4. Where statutes conflict in terms, ordinarily the later prevails over the earlier and the specific over the general.

5. An order determining the provisions of the judgment on the subject of costs is an intermediate order necessarily affecting the judgment, is part of the record and must be included in the judgment roll, and so far as any error thereby committed appears of record may, under sec. 3070, Stats. (1898), be reviewed on appeal from the judgment, even though the order was not excepted to and there is no bill of exceptions. *Metzger v. Fowler S. & O. Co.* 131 Wis. 683, distinguished and limited.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge.    *Reversed.*

Action for damages, alleging that the defendant, a corporation, was conducting a place of public accommodation and amusement, to wit, a roller skating rink, in the city of Superior; that plaintiff paid the price of admission and for skating and entered said rink, but was prohibited by the defendant from skating for the reason that the plaintiff was a colored man; that he was thus unjustly denied equal enjoyment and privilege by illegal discrimination based wholly upon color, to his damage.    The answer admits the conduct of the roller skating rink and denies all other allegations.

After trial a jury brought in a verdict for the plaintiff for $25.    The clerk entered judgment and taxed plaintiff's costs. Upon motion for review of the clerk's action the court entered an order that the clerk strike out and disallow all costs to the plaintiff and that he tax and allow costs to the defendant.    Whereupon judgment was entered reciting such original taxation by the clerk and said order on review thereof, and the offsetting of defendant's costs against plaintiff's damages, and ordering recovery by the defendant of the balance of $5.56.    From this judgment the plaintiff appeals, but settled no bill of exceptions.

For the appellant the cause was submitted on the brief of *Archibald McKay.*

*W. P. Crawford,* for the respondent, to the point that defendant's rink was not a "place of public accommodation or amusement," within the meaning of the statute, cited *Cecil v. Green,* 161 Ill. 265; *Kellar v. Koerber,* 61 Ohio St. 388; *Faulkner v. Solazzi,* 79 Conn. 541, 56 Atl. 947, 9 L. R. A. N. S. 601.

DODGE, J.    We cannot doubt that the action attempted to be stated in the complaint and met by the answer was the action expressly authorized by sec. 4398c, Stats. (1898):

"Any person who shall deny to any other person, in whole or in part, the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, restaurants, saloons, barber shops, eating houses, public conveyances on land or water, or any other place of public accommodation or amusement, except for reasons applicable alike to all persons of every race or color, or who shall aid or incite such denial, or require any person to pay a larger sum than the regular rate charged other persons for such accommodations, . . . shall be liable to the person aggrieved thereby in damages not less than five dollars with costs," etc.

The complaint alleges that the defendant's roller skating rink was a place of public accommodation or amusement, and that the exclusion was on the ground of plaintiff's color, neither of which allegations is of any materiality or significance to an action either of tort or contract independent of such statute. We think, also, that nothing in the record shows that the roller skating rink maintained by the defendant was not a place of accommodation or amusement within the terms of the statute. It is alleged to have been such place, and presumably the evidence went as far as possible in support of such allegation. A public roller skating rink is undoubtedly a public place of amusement. This, however, probably would not suffice to bring it within the statute if it were entirely different in character from the places of accommodation or amusement specifically named therein, for by reason of the context the rule *noscitur a sociis* applies; and the other places of accommodation and amusement intended by the statute are only such as bear some resemblance to those specifically named. Our statute is quite exhaustive in its specifications, much more so than the statutes of some of the other states. Thus it includes in the specifications both saloons and barber shops, which have been held in other states not to be included in a statute omitting to specifically name them, but containing the words "other places of accommodation and amusement." *Faulkner v. Solazzi,* 79 Conn. 541,

65 Atl. 947; *Kellar v. Koerber,* 61 Ohio St. 388, 55 N. E. 1002. By their specification in the Wisconsin statute the genus or class to which resemblance must be found is of course enlarged. Appellant's counsel has given us no aid whatever by citation of authorities or reference to the construction of similar statutes in other states. We find ourselves unable, however, to conceive any class of places of public accommodation or amusement which would not include a roller skating rink to which the public were generally invited upon no condition but the payment of a fixed charge; public in as broad a sense as is the common carrier or the innkeeper, the exclusion from which of an individual or a class must infer discrimination and denial of privileges which all other persons enjoy by virtue merely of their membership in the public or general community. Public accommodation or amusement is the test prescribed by our statute. The amusement offered by the usual skating rink is to the public as such and generally. It differs radically from the tender of accommodation offered by the ordinary merchant or professional man who, while he impliedly, by opening the door of his shop or office, invites every one to enter, does so only for the purpose of selling to each individually either service or merchandise. This distinction has been often noted. We append a few illustrative cases: Public eating house, *Humburd v. Crawford,* 128 Iowa, 743, 105 N. W. 330; bootblacking stand, *Burks v. Bosso,* 81 App. Div. 530, 81 N. Y. Supp. 384; *S. C.* 180 N. Y. 341, 73 N. E. 58; theater, *Joseph v. Bidwell,* 28 La. Ann. 382; bowling alley, *Johnson v. Humphrey P. C.* 24 Ohio Cir. Ct. 135; billiard room, *Comm. v. Sylvester,* 13 Allen, 247; skating rink, *People v. King,* 110 N. Y. 418, 18 N. E. 245. From reason and authority, we are convinced that a roller rink may fall within sec. 4398c, Stats. (1898), and therefore that the complaint attempts to state a cause of action based upon that statute.

Jones v. Broadway Roller Rink Co. 136 Wis. 595.

This being, then, an action specially authorized by sec. 4398c, enacted in 1895, and the minimum amount of the recovery being therein prescribed, we can see no escape from the conclusion that that section must control upon the subject of costs specifically treated therein, over the general statute (sec. 2918, Stats. 1898), enacted long previous, wherever the two conflict. There is nothing to obstruct the presumption of an intention to legislate according to the words used in 1895 when the legislature provided that plaintiff's recovery, though as low as $5, should entitle him to costs. Where statutes conflict in terms, ordinarily the later prevails over the earlier and the specific over the general. *Blabon v. Gilchrist,* 67 Wis. 38, 45, 29 N. W. 220; *State ex rel. Donnelly v. Hobe,* 106 Wis. 411, 423, 82 N. W. 336; *Cotzhausen v. H. W. Johns Mfg. Co.* 107 Wis. 59, 82 N. W. 716; *Gymnastic Asso. v. Milwaukee,* 129 Wis. 429, 109 N. W. 109.

But respondent urges that we cannot review the order awarding costs for the reason that no exception thereto appears upon the record, and the judgment roll or record is not enlarged by bill of exceptions. An order determining the provisions of the judgment on the subject of costs is an order prior to judgment, and it is within the terms of sec. 3070, Stats. (1898)—an order "which involves the merits and necessarily affects the judgment," and which therefore is a part of the record and must be included in the judgment roll by virtue of sec. 2898, Stats. (1898). *Hoey v. Pierron,* 67 Wis. 262, 267, 30 N. W. 692; *Morris v. Nat. P. Soc.* 106 Wis. 92, 81 N. W. 1036; *Hildebrand v. Am. F. A. Co.* 109 Wis. 171, 85 N. W. 268. It therefore is an intermediate order which may be reviewed on appeal "whether the same were excepted to or not" by virtue of sec. 3070. It is true that general language was used indicating the necessity of exception, and perhaps of bill of exceptions, in *Cord v. Southwell,* 15 Wis. 211, and *Perkins v. Davis,* 16 Wis. 470. But it was after the decision in those cases that sec. 3070 in its

present form was enacted, containing as· new matter, with reference to the review on appeal of such orders, the words: "whether the same were excepted to or not; nor shall it be necessary in any case to take any exception or settle any bill of exceptions to enable the supreme court to review any alleged error which would, without a bill of exceptions, appear upon the face of the record."

It was a mistake, therefore, to assume that the rule of those early cases still persists, as this court apparently did in *Fowler v. Metzger S. & O. Co.* 131 Wis. 633, 111 N. W. 677. The broad language in the last case: "But an order allowing or disallowing costs is not reviewable by this court, unless the evidence upon which it is based and the exceptions thereto are preserved in a bill of exceptions (*Cord v. Southwell*, 15 Wis. 211; *Perkins v. Davis*, 16 Wis. 470)," according to its words is incorrect. Such an order is part of the record, and may be reviewed to the extent that any error thereby committed appears of record. That language, however, read in its application to the situation then before the court, was entirely correct. That situation was a review of the taxation of certain items by the clerk, depending for its correctness upon proceedings and evidence had before the clerk and before the court, which could have no place in the record except by means of a bill of exceptions. As to such action it has uniformly been held that the errors do not appear upon the record without a bill of exceptions and therefore cannot be reviewed. *State v. Wertzel,* 84 Wis. 344, 347, 54 N. W. 579; *Lauterbach v. Netzo,* 111 Wis. 322, 87 N. W. 230; *Dunbar v. Montreal River L. Co.* 127 Wis. 130, 106 N. W. 389.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of plaintiff for $25 damages and $27.27 costs as of August 22, 1907.