BURNS, Respondent, v. BOARD OF COUNTY COMMIS-SIONERS OF DEUEL COUNTY, SOUTH DAKOTA, Appellants.

(164 N. W. 1028.)

(File No. 4180.   Opinion filed November 12, 1917)

1.   **Fees—Fees of County Judge—Services on Insanity Board, Whether Recoverable—Constitutional Provision—Statutes.**

Under Const., Art. 5, Sec. 30, providing that judges of the supreme, circuit and county courts shall each receive such salary as may be provided by law and no such judge shall receive any compensation, perquisite or emoluments "for or on account of his office" except such salary, provided that county judges may accept and receive fees allowable under land laws of United States, and Pol. Code, Sec. 2806, providing for a board of commissioners of insanity, of which the county judge shall be a member and its chairman, Sec. 2808, requiring county judge as such commissioner to enter in a book containing minutes of proceedings of said board, a complete record of their proceedings, etc., and Sec. 2827, providing that the county judge, in addition to what he is entitled to as commissioner of insanity, "shall be allowed one-half as much more for making the required record entries," etc., held that said provision in Sec. 2827, since statehood, violates said constitutional provision; and that retention of fees in addition to their salary, by judicial officers mentioned in said constitutional provision; including county judges, is unlawful. State v. Roddle, 12 S. D. 433, 81 N. W. 980, distinguished.

2.  **County Judges—Fees in Addition to Salary—Fees "On Account of Office"—Constitutional Provision Construed.**

In construing the provisions in Const., Art. 5, Sec. 30, concerning salary of judicial officers, and providing that such judges, including county judges, shall receive no compensation, perquisites or emoluments "for or on account of his office," except such salary, the language in quotation differs in meaning from that of Const., Art. 21, Sec. 2, wherein the latter provides that the secretary of state and other constitutional state officers shall receive no fees or perquisies whatever "for the performance of any duties connected with their office," as construed in State v. Roddle 12 S. D. 433. The former prohibits extra compensation for duties of the office; while the latter prohibits extra compensation on account of, because of, or by reason of the office; and the latter includes the former and prohibits extra compensation not only for duties of the office but also extra compensation by reason of the office itself. So **held,** concerning the compensation of county judges. **Held,** further, that the proviso in said Sec. 30, that county judges may accept and receive fees allowable under land laws of United States, in effect excludes all other compensation save salary.

Appeal from Circuit Court, Deuel County.   Hon. CARL G. SHERWOOD, Judge.

Action by L. A. Burns, against the board of county commissioners of Deuel county, South Dakota, to recover certain claimed official fees.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

*W. W. Knight,* and *Byron S. Payne,* Assistant Attorney General, for Appellant.

*L. A. Burns,* pro se, and *Gaffy & Stephens,* for Respondent.

(1) To point one of the opinion, Appellant cited: Const., Art. 5, Secs. 19, 5; Pol. Code, Secs. 2806-7-8, 2827, 2813, 2814, 2816; Laws 1911, Ch. 170; 29 Cyc. 1488; Dunbar v. Lbr. Co., 106 N. W. 389; Jordan v. Mellette County, 161 N. W. 279.

Respondent cited: Pol. Code, Secs. 2806, 2809, 2827; State v. Roddle, 12 S. D. 433, 81 N. W. 980; Crossman v. Nightingill, 1 S. W. 323; State v. LeGran (Nev.) 43 Pac. 470; State ex rel. McGrath v. Walker, 10 S. W. 473.

GATES, P. J.   From a judgment in favor of plaintiff and an order denying a new trial, defendants appeal.   This appeal presents for determination a question that has been much mooted in

this state for the last 20 years; i. e., whether a county judge may, in addition to his salary, receive and retain for his own use fees for services while acting as a member of the board of commissioners of insanity.    The several Attorneys General, beginning with the late Melvin Grigsby, have uniformly held that the county judge could not lawfully retain such fees.    See the following Attorney General's opinions:  Grigsby, 1896-98, p. 75; Pyle, 1901-02, p. 21; Hall, 1903-04, p. 56; Hall, 1905-06, p. 84; Johnson, 1913-14, p. 618; Caldwell, 1915-16, p. 457.

It is asserted in the briefs, and we have knowledge of some of them, that the decisions of the Circuit Courts of the First, Second, Third, Fifth and Eighth Circuits have held to the contrary.    Upon a painstaking study of the question we are of the view that the Circuit Courts must have based their conclusions upon the decision of this court in the case of State v. Roddle, 12 S. D. 433, 81 N. W. 980.

A constitutional provision defining the salaries of the secretary of state and other constitutional state officers provided, and still provides, that:

"They shall receive no fees or perquisites whatever for the performance of any duties connected with their offices."    Const. art. 21, § 2.

Under that provision of the Constitution it was held in that case that chapter 90 of the Laws of 1897 relative to the state brand and mark committee created a new office, to be filled by the secretary of state, instead of adding the new duties thereof to the office of secretary of state, and that he could therefore lawfully retain the fees accruing to him as a member of such committee.    If county judges were mentioned in said section of the Constitution, and if that section were the only one relating to the matter now before us, said decision would be a precise authority for sustaining the judgment of the trial court.    But county judges are not mentioned in that section of the Constitution, and there is another constitutional provision, applicable only to the judiciary, viz, article 5, § 30, which is as follows:

"The judges of the Supreme Court, circuit courts and county courts shall each receive such salary as may be provided by law, consistent with this Constitution, and no such judge shall receive any compensation, perquisite or emoluments for or on account of

his office in any form whatever, except such salary: Provided, that county judges may accept and receive such fees as may be allowed under the land laws of the United States."

[1] The question then is, Are the fees allowed the county judge as a member of the insanity board received for or on account of his office of county judge? By the provisions of the Constitution the offices of Supreme, circuit, and county judges are salaried offices. The act relative to the insane appearing as chapter 27, art. 4, Pol. Code, i. e., sections 2806-2829, under which· respondent claims the right to retain fees, had its origin in 1879 when the office of probate judge under the territorial government (predecessor of county judge under the Constitution) was a fee office and in the Revised Political Code of 1903 the provisions of the act of 1879 (Laws 1879, c. 23), many of them in conflict with the Constitution, were continued in spite of the provisions of the Constitution. As an instance note the provision in section 2827 that:

"The county judge, in addition to what he is entitled to as commissioner of insanity, shall be allowed one-half as much more for making the required record entries."

This provision, since statehood, is clearly in violation of article 5, § 30, of the Constitution, because it clearly purports to authorize fees to the county judge for duties pertaining to his office.

[2] The solution of the matter before us must depend upon the meaning of the phrase "for or on account of his office." If the Constitution makers contemplated that a judge might receive fees while acting in another capacity, why did they use different language in the two sections of the Constitution to express the same meaning? If the phrase in article 5, § 30, is synonymous with that in article 21, § 2, then the county judge may receive fees as a member of the insanity board; the county, circuit and Supreme Court judges may receive fees for taking acknowledgments or administering oaths, or might, if the Legislature willed, receive fees for acting as magistrates under the provisions of the Code of Criminal Procedure; the presiding judge of the Supreme Court might, if the Legislature saw fit, receive compensation for his services as a member of the Board of Pardons or of the state board of canvassers, and so on to an unlimited extent, governed

solely by the discretion of the Legislature. The phrase "on account of" is, in our opinion, used in Const. art. 5, § 30, as a synonym of "because of" or "by reason of." Brown v. Ger.-Am. Title & Tr. Co., 174 Pa. 443, 34 Atl. 335; Wallner v. Chicago Consol. Tr. Co., 245 Ill. 148, 91 N. E. 1053; Dunbar v. Montreal Riv. Lbr. Co., 127 Wis. 130, 106 N. W. 389. We are therefore constrained to the view that the county judge is made a member of the insanity board by section 2806, Pol. Code, because of his office; that the presiding judge of the Supreme Court is made a member of the Board of Pardons and state board of canvassers because of his office, and that the power to take acknowledgments and administer oaths accrues to Supreme, circuit, and county court judges because of their offices.

There is a recognizable difference in meaning between fees "for the performance of any duties connected with their offices," as construed in the Roddle case, and fees or compensation "for or on account of his office." The former prohibits extra compensation for the duties of the office; the later prohibits extra compensation on account of, because of, or by reason of the office. The latter includes the former and prohibits extra compensation, not only for the duties of the office, but also extra compensation by reason of the office itself.

We are therefore clearly of the opinion that the retention of fees by the judicial officers mentioned in Const. art. 5, § 30, in addition to their salaries is unlawful. We think that the Constitution makers had this view in mind for another reason, viz. because of the proviso in said section. By that proviso county judges are entitled to receive such fees as may be allowed under the land laws of the United States. "Expressio unius est exclusio alterius."

The judgment and order, appealed from are reversed.