Lauterbach vs. Netzo.

*By the Court.*— Judgment affirmed.

LAUTERBACH, Plaintiff in error, vs. NETZO, Defendant in error.

*September 5 — September 24, 1901.*

*Consolidation of actions: Justices' courts: Appeal and error: Review of taxation of costs.*

1. An action appealed from justice's court and, under sec. 3768, Stats. 1898, triable in the circuit court "as actions originally brought there," may be consolidated, under sec. 2792, with an action commenced in the circuit court, notwithstanding the provisions of secs. 3766, 3770, in respect to the dismissal of the appeal if not brought to a hearing within the time there specified.

2. Where in such a case the consolidated action was brought to a hearing within the time limited by sec. 3766, the respondent could not be prejudiced by the consolidation.

3. The taxation of costs in the trial court is not reviewable by the supreme court where there was no objection or exception to any item thereof.

ERROR to review a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

For the plaintiff in error there was a brief by *C. C. Murphy*, attorney, and *Rublee A. Cole*, of counsel, and oral argument by *Mr. Cole.*

*Daniel H. Grady*, for the defendant in error.

CASSODAY, C. J. It appears from the record that in October, 1899, the defendant in error, *Netzo*, commenced an action against the plaintiff in error, *Mrs. Lauterbach*, in a justice's court, to recover the amount alleged to be due him on a promissory note given to him by *Mrs. Lauterbach* October 14, 1897, for $50, and interest at ten per cent. from date. The defendant therein pleaded payment, and upon the issue thus joined, and trial had before the justice, the same resulted in a verdict and judgment in favor of *Mrs. Lauterbach* and against *Netzo* of no cause of action. November 8, 1899, *Netzo* appealed from that judgment to the circuit court, and at the same time filed with the justice the requisite affidavit for a trial *de novo*, and the papers therein were all duly certified and transmitted to the circuit court, and filed with the clerk thereof November 20, 1899. October 31, 1899, *Netzo* commenced another action in the circuit court against *Mrs. Lauterbach* upon another note executed by her to him April 9, 1898, for $150, with interest at ten per cent. from April 9, 1899. The defendant therein answered that such note was fully paid. The two actions being thus at issue and pending and for trial in the circuit court, that court did, on December 5, 1899, on the motion of *Mrs. Lauterbach's* attorney, order that said two actions

be consolidated. Thereupon the two actions so consolidated were tried on the 8th and 9th of December, 1899, and upon such trial the jury disagreed. Thereafter, and on the 14th and 15th of May, 1900, said actions so consolidated were again tried by the circuit court and a jury, and at the close of the trial the jury returned a verdict in favor of *Netzo*, and assessed his damages at $221.09. To reverse the judgment entered upon that verdict, with costs, the defendant therein, *Mrs. Lauterbach*, sued out this writ of error.

Counsel for the plaintiff in error vigorously contends that the trial court was without jurisdiction to consolidate the action appealed from the justice's court with the other action. This is upon the theory that the judgment in the justice's court continued to be a valid and subsisting judgment, and *res adjudicata* between the parties upon the questions there involved, since it had not been reversed at the time of such consolidation. The reason given in support of such contention seems to be that, if neither party had brought the appeal from the justice to a hearing in the circuit court before the end of the second term after filing the return of the justice therein, then the circuit court would have been required to dismiss the appeal, unless it continued the same by special order for cause shown, as required by sec. 3766, Stats. 1898; and that, had the appeal been so dismissed, the clerk of the circuit court would have been required to "transmit all the papers in the case on said appeal to the justice," who would "thereupon proceed to enforce the collection of said judgment in the same manner as though no appeal had been taken," as prescribed by sec. 3770, Stats. 1898. The difficulty with the argument is that we have no such supposititious case in the record before us. The statute declares that such appeal from the justice "shall be tried in the appellate court, as actions originally brought there," whenever "the plaintiff appeals from a judgment against him, . . . if at the time of appealing he shall

make an affidavit that he has a valid claim, as he verily believes, against the defendant, as set forth in his complaint, exceeding the sum of fifteen dollars." Sec. 3768, subd. 2. Such affidavit was made by the plaintiff, and filed with the justice at the time of taking the appeal from the judgment rendered by the justice. The appeal from the justice was, therefore, to be tried in the circuit "court as actions originally brought there." The return of the justice was filed in the circuit court November 20, 1899, and was, therefore, pending and to be tried in that court as an action originally brought there, when, on December 5, 1899, it was, by order of that court, consolidated with the other action pending therein. Such consolidation was made by the court pursuant to the statute which declares that, "when two or more actions are pending in the same court, which might have been joined, the court or a judge, on motion, shall, if no sufficient cause be shown to the contrary, consolidate them into one by order." Sec. 2792, Stats. 1898. There can be no question but that the cause of action on the small note "might have been joined" in the same action with the cause of action on the large note. This court has repeatedly held that the section quoted gives to the trial court discretionary power to consolidate or refuse to consolidate such actions as are therein provided for. *Blesch v. C. & N. W. R. Co.* 44 Wis. 593; *Eau Claire F. & S. Co. v. Laycock*, 92 Wis. 82. Certainly there was no abuse of discretion.

Besides, *Mrs. Lauterbach* was in no way prejudiced by such consolidation. The two actions having thus been consolidated, the appeal from the justice was brought to a hearing in the circuit court December 8, 1899, being eighteen days after the filing of the return of the justice therein, and before the end of the first term of the court after the return was so filed therein; and was again brought to a hearing and finally disposed of in the following May, and before the

Lauterbach vs. Netzo.

end of the second term of the circuit court after the filing of the return of the justice therein.

Counsel for the plaintiff in error contends that the costs taxed are excessive. But there is no bill of exceptions. There is nothing in the record to show that the plaintiff in error objected to any item of costs, as prescribed by Circuit Court Rule XXXIII. *State v. Wertzel*, 84 Wis. 347. There being no objection nor exception to any item of costs, the taxation of costs is not reviewable by this court. *Cord v. Southwell*, 15 Wis. 211; *Perkins v. Davis*, 16 Wis. 470.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.