MASH, Respondent, vs. BLOOM, Appellant.

*November 9—December 13, 1907.*

*Appeal and error: Appealable orders: Order denying costs: Judgments: Surplusage.*

1. An order denying costs is not appealable.
2. A judgment in an action in equity having been rendered without costs, the question whether the successful party is entitled to costs can only be raised by an appeal from the judgment.
3. A judgment erroneously recited that it was with costs, leaving a blank for the amount to be inserted. It clearly appeared from the record that the judgment ordered by the court was in fact a judgment without costs. *Held*, that the recital as to costs was mere surplusage, might have been stricken out if the trial court's attention had been directed to it, and that the judgment was in fact a judgment without costs.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Dismissed.*

This action was brought in equity to quiet title.  The defendant demurred to the complaint on the following grounds: (1) That the court had no jurisdiction of the subject matter, for the reason that plaintiff had a complete remedy at law; (2) that the complaint did not state facts sufficient to constitute a cause of action.  The demurrer was overruled and the defendant permitted to answer upon payment of $10 costs.  The defendant paid the costs and answered, and upon the trial amended his answer, alleging that plaintiff had a full and complete remedy at law—that the action was at law

and not in equity. The action then proceeded to trial and resulted in a judgment in favor of the plaintiff, from which judgment the defendant appealed to this court, where the judgment was reversed. *Mash v. Bloom,* 130 Wis. 366, 110 N. W. 203, 268. Upon filing the *remittitur* in the circuit court the plaintiff moved for a dismissal of the complaint and the defendant moved for judgment, with costs. The court awarded judgment dismissing the complaint, but denied defendant's motion for costs. This is an appeal from the order denying costs.

For the appellant there were briefs by *Tenney, Hall & Tenney,* and oral argument by *F. W. Hall.*

*Frank E. Parkinson,* for the respondent.

KERWIN, J. The first and only question to be considered is whether the order is appealable. The order appealed from shows that judgment was rendered without costs. We think it very clear under the repeated decisions of this court that an order denying costs is not appealable. *Ernst v. Steamer Brooklyn,* 24 Wis. 616; *McHugh v. C. & N. W. R. Co.* 41 Wis. 79; *Hoey v. Pierron,* 67 Wis. 262, 30 N. W. 692; *Feske v. Adam,* 132 Wis. 365, 112 N. W. 456. A judgment having been rendered without costs, the question of whether the defendant was entitled to costs could only be raised by an appeal from the judgment. The order appealed from does not determine the action or prevent a judgment from which an appeal might be taken. The defendant could have appealed from the judgment and reviewed the order denying costs, and if necessary settled a bill of exceptions showing the proceedings resulting in a judgment dismissing the action without costs. *Cord v. Southwell,* 15 Wis. 211; *Lauterbach v. Netzo,* 111 Wis. 322, 87 N. W. 230; *Feske v. Adam, supra.* The appellant relies upon *State v. Reesa,* 57 Wis. 422, 15 N. W. 383. It will be seen from an examination of that case that judgment was entered with costs, but the court after

the rendition of judgment refused to allow costs to be inserted in the judgment on the erroneous idea that the sixty days allowed for the taxation of costs had expired and hence the costs could not be taxed and inserted in the judgment. So the judgment was imperfect and the order prevented the judgment from being perfected. But in the case before us the record shows that the judgment was ordered without costs, on the theory that, the action being equitable, the court had the right in its discretion to deny costs, which it did. True, in the instant case the judgment erroneously recited that it was with costs, leaving a blank for the amount to be inserted. But it clearly appears from the record that the judgment ordered by the court was in fact a judgment without costs, and the recital with costs was mere surplusage, and doubtless would have been stricken out if the attention of the court had been directed to it. So the judgment in the case before us was in fact a perfected judgment dismissing the action without costs. The order not being appealable, the appeal must be dismissed.

*By the Court.*—The appeal is dismissed.