Tom Welch Accounting Service, Respondent, v. Walby, Appellant.

*November 3—November 30, 1965.*

For the appellant there was a brief and oral argument by *Orville S. Luckenbach* of Shawano.

For the respondent there was a brief and oral argument by *Jack J. Schumacher* of Shawano.

CURRIE, C. J.   The principal contention advanced by defendant on this appeal is that plaintiff, although not licensed as a public accountant or CPA, held himself out to defendant as being such, and, therefore, is precluded from recovering for the services rendered for which recovery is sought in the instant action.

Ch. 135, Stats., creates the state board of accountancy and provides for the licensing of CPAs and the registering of public accountants.

Sec. 135.11 (5) and (6), Stats., provides:

"Any person shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than five hundred dollars for each offense, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment: . . .
"(5) Who holds himself out to the public as a certified public accountant or who assumes to practice as a certified public accountant unless he has received a certificate as such from the board; or
"(6) Who holds himself out to the public as a public accountant or who assumes to practice as a public accountant unless he has received a certificate of authority from the board; . . ."

Sec. 135.02, Stats., defines engaging in practice as a public accountant. The definition includes any person

who holds himself out to the public as skilled in the practice of accounting or "Who maintains an office for the transaction of business as a public accountant, or who, except as an employee of a public accountant, practices accounting, as distinguished from bookkeeping, for more than one employer; . . ." However, the broadness of the definition is considerably restricted by sub. (9) of sec. 135.02, which will be adverted to later herein.

The designation "public accountant" refers to those persons who in 1935 were engaged in public accounting in this state and were issued a certificate of authority to practice as a "public accountant" prior to December 31, 1935. Except as to those who had received such certificates of authority, the practice of public accounting in the state after 1935 was restricted to those licensed as CPAs.

It has been held that one who violates a statute similar to sec. 135.11 (5) and (6) by holding himself out as a public accountant or CPA when he has not been licensed, is precluded from recovering for his services.[1] The theory on which recovery is denied is that a contract will not be enforced which contravenes good morals, public policy, or the common or statute law.[2] This court has held that a firm could not recover for architectural services where neither the firm nor one of its members had been registered as an architect as required by statute.[3]

Defendant testified that plaintiff had represented himself to be a CPA. Two other witnesses were called by defendant who also testified to having heard plaintiff state he was a CPA. Plaintiff categorically denied having made any such representation. The creditability of the

---

[1] *Ronaldson v. Moss & Watkins, Inc.* (1930), 13 La. App. 350, 127 So. 467; Anno. Failure to procure occupational or business license or permit as affecting validity or enforceability of contract, 118 A. L. R. 646, 651.

[2] *Respess v. Rex Spinning Co.* (1926), 191 N. C. 809, 811, 812, 133 S. E. 391.

[3] *Hickey v. Sutton* (1926), 191 Wis. 313, 210 N. W. 704.

testimony on this point was for the trial court which expressly found that plaintiff had not held himself out "as a licensed or certified public accountant." Defendant raises no issue that this finding is against the great weight and clear preponderance of the evidence.

Defendant relies on three undisputed facts to establish that plaintiff did hold himself out to defendant as a registered public accountant. First, plaintiff conducted his business under the name of "Tom Welch Accounting Service." Secondly, plaintiff in his answer to the counterclaim admitted the allegation that he "holds himself out as a professional man rendering accounting services." Thirdly, plaintiff lists himself in the yellow pages of the Shawano telephone directory under the heading, "Accountants." However, this directory lists in its yellow pages, "Accountants—Certified Public" and plaintiff does not list himself under this latter category. This court takes judicial notice of the fact that other Wisconsin telephone directories also list in their yellow pages a third category of accountants, "Accountants—Public."

As we view it, the narrow question presented is whether one who holds himself out as an accountant, and who is neither registered as a public accountant nor licensed as a CPA, violates sec. 135.11 (5) and (6), Stats. To answer this question it is necessary to interpret sec. 135.02 (9), which provides:

"Nothing contained in this chapter shall apply to any persons who may be employed by more than one person, partnership or corporation, for the purpose of keeping books, making trial balances or statements, and preparing audits or reports, provided such audits or reports are not used or issued by the employers as having been prepared by a public accountant."

While some of the services enumerated in this subsection might properly be classified as bookkeeping rather than accounting services, the preparing of audits and reports constitutes accounting services. This subsection makes it clear that what is prohibited is not the practic-

ing of accountancy by unregistered or unlicensed accountants, but the use of their audits or reports under the guise that they were made by a CPA or public accountant.

There is considerable authority from other jurisdictions holding that an accountant licensing statute similar to ch. 135, Stats., is unconstitutional as an unwarranted regulation of private business if it be interpreted as prohibiting noncertified accountants from practicing the profession of accountancy.[4] Several of these cases were cited and considered by this court in *Wangerin v. Wisconsin State Board of Accountancy*[5] and were distinguished on the ground of difference in wording of ch. 135 from that of the statutes before these other courts. The *Wangerin Case* in interpreting our statute stated:

"A bookkeeper can do anything now that he could do before the chapter was enacted, except that he cannot represent himself to be a public accountant. He can render the same service to his employers as any other accountant may render, but it cannot be put before the public as work of a public accountant or a certified public accountant. Ch. 135 deals solely with the relation of the practice of accountancy to the public, not to private individuals and firms."[6]

Apparently defendant interprets this language as meaning that a nonregistered accountant such as plaintiff is prohibited by the statute from holding himself out as an accountant, and can only practice his occupation under the title of bookkeeper or offering bookkeeping services. We think this is too narrow a construction of the statute

[4] *Florida Accountants Asso. v. Dandelake* (Fla. 1957), 98 So. (2d) 323, 70 A. L. R. (2d) 425; *Frazer v. Shelton* (1926), 320 Ill. 253, 150 N. E. 696, 43 A. L. R. 1086; *Moore v. Grillis* (1949), 205 Miss. 865, 39 So. (2d) 505, 10 A. L. R. (2d) 1425; *State ex rel. Short v. Riedell* (1924), 109 Okla. 35, 233 Pac. 684, 42 A. L. R. 765; *Campbell v. McIntyre* (1932), 165 Tenn. 47, 52 S. W. (2d) 162.

[5] (1936), 223 Wis. 179, 270 N. W. 57.

[6] Id. page 187.

in view of the express provisions of sub. (9) of sec. 135.02, Stats. The precise point decided in *Wangerin* is that ch. 135, in prohibiting a nonregistered accountant from holding himself out as a public accountant or CPA, constitutes a valid exercise of the police power.

When this court stated in *Wangerin* that the work of a nonregistered accountant "cannot be put before the public as the work of a public accountant or certified public accountant" it put its finger upon the public aspect of the practice of accountancy which the statute prohibits. The statute does not concern itself with the methods used by a nonregistered accountant to gain employment from members of the public so long as these means do not deceive the public into believing he is a public accountant or CPA. Ch. 135, Stats., has now been in effect for thirty years and we believe that the distinction between a nonregistered accountant and a public accountant is generally recognized. One has only to turn to the yellow pages of a telephone directory to see the distinction maintained.

We conclude that plaintiff did not violate sec. 135.11 (5) and (6), Stats., when he did business under the name of "Tom Welch Accounting Service" or listed himself under that name in the Shawano telephone directory under the occupational heading of "Accountants." No claim is here made that the services he actually performed for defendant violated any of the prohibitions of ch. 135. Therefore, because plaintiff did not violate the statute there is no illegality in his contract of employment by defendant which would bar him from recovering the reasonable value of the services rendered.

Subsidiary issues raised by defendant relate to the lack of any testimony corroborating that of plaintiff with respect to hours of time spent in rendering service to defendant and the reasonable worth of such services, and to the denial of the counterclaim. There is no requirement in the law that the testimony of one seeking recovery for

personal service be corroborated by other testimony or evidence.

The counterclaim alleged that defendant was required to pay a CPA $250 because of errors in plaintiff's work. At the trial it developed that the amount paid the CPA was either $207 or $210. Defendant offered no evidence to establish that it was plaintiff's errors which necessitated defendant to employ another accountant. The CPA who is alleged to have done the corrective work did not testify. When the trial court questioned defendant concerning the nature of plaintiff's errors necessitating his employing another accountant, defendant replied, "I don't remember right offhand the exact reason." The trial court properly denied the counterclaim for lack of proof.

Plaintiff's brief requests this court to modify the judgment by increasing the amount which plaintiff was permitted to recover to $1,429.75, the amount prayed for in the complaint. However, plaintiff failed to serve and file any timely notice for review as required by sec. 274.12, Stats.[7] He is, therefore, precluded from now raising the issue of the inadequacy of the judgment.[8]

*By the Court.*—Judgment affirmed.

---

[7] This statute provides: "A respondent adverse to the appellant upon the latter's appeal may have a review of any rulings prejudicial to him by serving upon the appellant at any time before the case is set for hearing in the supreme court a notice stating in what respect he asks for a reversal or modification of the judgment or order or portion thereof appealed from."

[8] *Karis v. Kroger* (1965), 26 Wis. (2d) 277, 280, 132 N. W. (2d) 595.