CITY OF MILWAUKEE, Appellant, v. LESCHKE, Respondent.

*No. 270. Submitted under sec. (Rule) 251.54 November 30, 1972.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 669.)

160

For the appellant the cause was submitted on the briefs of *Harry G. Slater,* city attorney, and *Theophilus C. Crockett* and *Francis T. Wasielewski,* assistant city attorneys.

For the respondent the cause was submitted on the brief of *Ronald I. Pachefsky* and *Brady, Pachefsky & Sullivan,* all of Milwaukee.

CONNOR T. HANSEN, J.  The issue presented on this appeal is whether a defendant in a forfeiture action for violation of a municipal ordinance is entitled to costs from the plaintiff-municipality when the defendant is found not guilty of the alleged violation. Costs in the instant action were allowed in the amount of $48.60.

In proceedings for violation of municipal ordinances there is no liability for, or right to, costs in the absence of statutory authorization.[1] It is stated in 9 McQuillin, *Municipal Corporations* (3d ed. rev.), p. 712, sec. 27.43, that:

"Costs are the creatures of statutes and cannot be awarded unless expressly provided. At common law they were not recoverable by either party in any case, civil or criminal. It has often been held that in the absence of statute providing therefor, costs cannot be taxed against a municipality in cases for violations of ordinances, no matter whether the case is decided against it or not. . . ."

This court has consistently held that at common law costs were unknown, and that in this state costs are regulated exclusively by statute as a matter of legislative discretion. *State ex rel. Sullivan v. District Court* (1911), 145 Wis. 138, 130 N. W. 58; *Noyes v. State* (1879), 46 Wis. 250, 1 N. W. 1. In the absence of a statute authorizing costs they are not recoverable. *City of Beloit v. Town of Beloit* (1970), 47 Wis. 2d 377, 392, 177 N. W. 2d 361;

---

[1] 62 C. J. S., *Municipal Corporations,* p. 726, sec. 381.

*Gustin v. Johannes* (1967), 36 Wis. 2d 195, 208, 153 N. W. 2d 70; *Rheingans v. Hepfler* (1943), 243 Wis. 126, 134, 9 N. W. 2d 585.

Forfeiture actions for municipal ordinance violations are governed by chs. 66, 288, 299 and 345, Stats.

Defendant maintains that sec. 288.20, Stats., permits recovery of costs in the instant action. Sec. 288.20 provides, in part, that:

". . . In all actions brought under the provisions of section 288.10 the town, city, village or corporation in whose name such action is brought shall be liable for the costs of prosecution; and, if judgment be for defendant, for all the costs of the action, and judgment shall be entered accordingly. . . ."

Sec. 288.10 provides that all forfeitures imposed by any ordinance or regulation of any county, town, city or village, or of any other domestic corporation, may be sued for and recovered, pursuant to ch. 288.

The fact is, however, that this action was not commenced pursuant to the provisions of ch. 288, Stats. The procedure followed by the city was that provided in ch. 66. Both chs. 66 and 288 provide for the recovery of forfeitures, but the two chapters have different procedural requirements. If the action is commenced under ch. 288, civil procedures are to be used for the enforcement of forfeitures under municipal ordinances. Sec. 288.10 provides that such actions, under ch. 288, shall be commenced by a complaint and demand for judgment. *South Milwaukee v. Schantzen* (1950), 258 Wis. 41, 43, 44 N. W. 2d 628. Sec. 66.12 (1) recognizes procedures similar to those used in criminal law for the prosecution of municipal ordinance violations. *Neenah v. Alsteen* (1966), 30 Wis. 2d 596, 600, 142 N. W. 2d 232. This statute provides that the forfeiture or penalty may be collected in an action commenced by a warrant, and may be followed with an arrest and detention for trial unless

bail is furnished. The section also prescribes that the defendant's plea of not guilty or no contest, shall put all matters in the case at issue as contrasted to the complaint and answer procedure in civil actions.

In the instant case, the action was commenced by the issuance of a uniform traffic citation. The defendant appeared in court and entered a plea of not guilty. No further responsive pleading was either filed or required. The city was proceeding under the provisions of ch. 66, Stats.

Ch. 66, Stats., is silent as to whether a defendant is entitled to costs in a forfeiture action for violation of a municipal ordinance when he is found not guilty. There are provisions in ch. 66 which relate to costs when the municipality is the prevailing party. Sec. 66.12 (1) (c) provides that in cases of conviction, the court shall enter judgment against the defendant for costs of the prosecution and for the penalty or forfeiture, if any. Sec. 66.12 (3) (a), likewise, provides that costs and disbursements shall be allowed in those forfeiture actions wherein the municipality prevails.

Although ch. 66, Stats., contains no provisions for the recovery of costs by the prevailing defendant, it is necessary that the provisions of ch. 299 be given consideration.

Sec. 299.01, Stats., provides, in part, that:

". . . **Applicability of chapter.** Subject to the limitations of ss. 299.11 and 299.12, the procedure in this chapter shall be used in county court in the following actions:

". . .

"(2) FORFEITURES. Actions to recover forfeitures except as *a different procedure is prescribed* in chs. 66, 288 and 345, or elsewhere, and such different procedures shall apply equally to the state, a county or a municipality regardless of any limitation contained therein; . . ." (Emphasis added.)

Sec. 299.25 of ch. 299 speaks directly to the issue of costs and provides, in part, that:

". . . Costs. The clerk shall without notice to the parties tax and insert in the judgment as costs in favor of the party recovering judgment the following: . . ."

Sec. 299.25 continues to list the various items the clerk can tax as costs. This section is not limited in application to the prevailing municipality but applies to whichever party recovers judgment.

The city argues that ch. 299, Stats., is inapplicable to the instant case, pursuant to sec. 299.01 (2), in that *a different procedure is prescribed* in ch. 66. It is the position of the city that the absence of legislative authority in ch. 66, for the recovery of costs by the defendant, is the equivalent of a different procedure prescribed and that the provisions of ch. 299 conflict with the silence of ch. 66.

The city's argument is not persuasive. The absence of legislative action is not the equivalent of the prescription of a differing procedure. The silence of ch. 66 as to costs of a prevailing defendant does not conflict with provisions of ch. 299 which specifically allow recovery of costs. The legislature has prescribed for the resolution of conflicts between ch. 299 and chs. 66, 288, or 345, and this court should not by implication, or otherwise, construe statutes so as to create a conflict. *State ex rel. Cabott, Inc. v. Wojcik* (1970), 47 Wis. 2d 759, 177 N. W. 2d 828; *Strong v. Milwaukee* (1968), 38 Wis. 2d 564, 157 N. W. 2d 619; *Raisanen v. Milwaukee* (1967), 35 Wis. 2d 504, 151 N. W. 2d 129. In *Milwaukee County v. Caldwell* (1966), 31 Wis. 2d 286, 291, 143 N. W. 2d 41, this court stated that where there was an absence of legislative authority in ch. 288 as to appeals therefrom, ch. 299 would govern. This court held that sec. 299.01 (2) would, under such circumstances, make ch. 299 procedure applicable.

The trial court properly decided that in the absence of legislative authority in ch. 66, Stats., the provisions of

ch. 299 would govern, and that, pursuant to sec. 299.25, the defendant is entitled to costs in the amount of the disbursements as set forth in the statutes.

The defendant's brief requests this court to modify the order of the trial court to allow reasonable attorney's fees. However, defendant failed to serve and file any timely notice of review as required by sec. 274.12, Stats. He is, therefore, precluded from now raising this issue. *Tom Welch Accounting Service v. Walby* (1965), 29 Wis. 2d 123, 138 N. W. 2d 139; *Karis v. Kroger Co.* (1965), 26 Wis. 2d 277, 132 N. W. 2d 595.

The city's notice of appeal states the city is appealing from the order of the county court that granted the defendant costs. No issue is raised as to the appealability of this order.

This court has held that an order taxing or retaxing costs is not appealable in that it does not prevent a judgment from which an appeal might be taken; nor is it a special proceeding, a summary application after judgment, nor a matter involving the merits. *Mash v. Bloom* (1907), 133 Wis. 662, 663, 114 N. W. 99; *Feske v. Adam* (1907), 132 Wis. 365, 366, 112 N. W. 456; *Smith v. Shawano County* (1890), 77 Wis. 672, 674, 47 N. W. 95. Such an order has been held to be reviewable only on appeal from the judgment. *Jones v. Broadway Roller Rink Co.* (1908), 136 Wis. 595, 599, 118 N. W. 170; *Mash v. Bloom, supra; Feske v. Adam, supra.*

However, sec. 299.24, Stats., does not require that the usual formal document denominated a "judgment" be filed. Also, sec. 299.25 provides that the clerk shall, without notice, tax costs and insert them in the judgment. Therefore, for the purposes of this appeal, we consider the appeal of the city as an appeal from a judgment.

*By the Court.*—Judgment affirmed.