BURLEIGH A. RANDOLPH, District Attorney La Crosse County
You have requested my opinion as to the apparent conflict between sec. 48.12, and secs. 66.054 (25) and 176.31, Stats. The relevant portions of the statutory provisions under consideration are as follows:
Section 48.12, Stats., provides:
 "The juvenile court has exclusive jurisdiction, except as provided in s. 48.17 and 48.18 over any child:
 "(1) Who is alleged to be delinquent because he has violated any federal criminal law, criminal law of any state, or any county, town or municipal ordinance that conforms in substance to the criminal law, or an order for supervision under s. 48.345;
Section 66.054 (25), Stats., provides
 "Whoever falsely represents that he is at least 18 years of age for the purpose of asking for or receiving fermented malt beverages from a keeper of any place for the sale of fermented *Page 96 
malt beverages may be fined not more than $100 or imprisoned not to exceed 10 days or both."
Section 176.31, Stats., provides:
 "(1) Whoever represents that he is of age for the purpose of asking for, or receiving, any intoxicating liquors from any keeper of any place for the sale of intoxicating liquors, except in cases authorized by law, may be fined not more than $100 or imprisoned not to exceed 10 days, or both . . . .
 "(2) Any person under the age of 18 who procures, seeks to procure, knowingly possesses or who consumes in public any intoxicating liquor may be fined not more than $100 or imprisoned not to exceed 10 days or both . . . ."
In your letter you describe the problem you see in the above statutes as follows:
 "The conflict, I believe, is apparent. On the one hand, Chapter 48 grants exclusive jurisdiction to the Juvenile Court. Additionally, Section 48.37 provides that no costs shall be assessed against, and no fines shall be imposed, on any child in the Juvenile Court. On the other hand, Chapter 66 and 176 provide for fine or imprisonment, or both, of persons who by the very nature of the statutes, must be under the age of 18.
 "To me, this means that either the penalty sections of Chapters 66 and 176 pertaining to juveniles have no force and effect, or the exclusive jurisdiction granted under Chapter 48 does not extend to violations of Chapters 66 and 176."
It is my opinion that the provisions of sec. 48.12 vest exclusive jurisdiction in the juvenile court over persons under 18 years of age who commit violations of state criminal laws, including violations of secs. 66.054 (25) and 176.31. Section 48.12 is clear and unequivocal on that point. The Supreme Court of Wisconsin has recognized that fact and has indicated that the provisions of sec. 48.12 deprive other courts of jurisdiction over persons under 18 who are charged with a crime. Gibson v.State (1970), 47 Wis.2d 810, 815, 177 N.W.2d 912. See also 46 OAG 204.
You are concerned that the position which I have adopted would lead to the conclusion that the penalty provisions of secs. 66.054 (25) *Page 97 
and 176.31 "have no force and effect." I do not believe that such a conclusion follows from that position. Those penalty provisions still have "force and effect" in three ways.
First, those penalty provisions are necessary to render the conduct proscribed by secs. 66.054 (25) and 176.31 an act of delinquency. A person under 18 is delinquent if he has violated any state "criminal law." In order for a violation of secs. 66.054 (25) and 176.31 to constitute a crime, it is necessary that such violation be punishable by fine or imprisonment or both. Section 939.12, Stats.
Second, the jurisdiction of the juvenile court over a person under 18 years of age but over 16 years of age may in certain cases be waived. Section 48.18, Stats. If such jurisdiction is waived with respect to a delinquency proceeding arising out of a violation of sec. 66.054 (25) or sec. 176.31, the penalty provisions of those sections would have full force and effect in the criminal court proceeding.
Third, the penalty provisions of secs. 66.054 (25) and 176.31 would also have full force and effect with respect to a person over 18 years of age who intentionally abides and abets the commission of a violation of those sections. Section 939.05, Stats.
It is anticipated that the argument might be made that since secs. 66.054 (25) and 176.31 are specific statutes and since they impliedly grant jurisdiction to a criminal court to impose a fine or imprisonment on persons who by the very nature of the statutes would normally be under the age of 18, those statutes should take precedence over sec. 48.12 which is a general statute vesting exclusive jurisdiction in the juvenile court over proceedings against persons under 18 years of age. It is true that a specific statute controls when a specific statute and a general statute relate to the same subject matter. Kramer v. Hayward (1973),57 Wis.2d 302, 311, 203 N.W.2d 871. However, that rule only applies when the legislative intent is not otherwise clear from a reading of the statutes in question and when there is, in fact, an irreconcilable conflict between those statutes. State v.Dairyland Power Cooperative (1971), 52 Wis.2d 45, 53,187 N.W.2d 878. I do not believe that those two conditions for the application of that rule are present in the situation under consideration. *Page 98 
The legislative intent in enacting sec. 48.12 is clear. It intended to grant exclusive jurisdiction to the juvenile court over all crimes committed by persons under 18 years of age, except as specifically provided by secs. 48.17 and 48.18. I find nothing in the specific provisions of secs. 66.054 (25) and 176.31 which would indicate any intent to abrogate the general jurisdictional language of sec. 48.12 in proceedings arising under those sections. Therefore, I believe that the legislative intent to vest jurisdiction in the juvenile court of proceedings brought under secs. 66.054 (25) and 176.31 against persons under 18 years of age is clear.
Furthermore, I do not find any irreconcilable conflict between the statutes under consideration. Any conflict which might exist between the statutes under consideration would not arise from the specific language of secs. 66.054 (25) and 176.31, but rather from the possible implications of that language. Conflicts arising by implication are not favored in the law. Cf. State v.Dairyland Power Cooperative, supra, 52 Wis.2d at 51; Milwaukee v.Leschke (1973), 57 Wis.2d 159, 164, 203 N.W.2d 669. In interpreting statutes they must be construed, if possible, so as to avoid inconsistency and conflict. Associated Hospital Servicev. Milwaukee (1961), 13 Wis.2d 447, 463, 109 N.W.2d 271. It is clear from the discussion earlier in this opinion that it is possible to give full effect to the jurisdictional provisions of sec. 48.12, and at the same time to give meaning and effect to the penalty provisions of secs. 66.054 (25) and 176.31. Therefore, I do not believe that any irreconcilable conflict exists between the statutes under consideration.
In summary, it is my opinion that the provisions of sec. 48.12, Stats., vest exclusive jurisdiction in the juvenile court over all violations of the state criminal law, including violations of secs. 66.054 (25) and 176.31, except as provided in secs. 48.17 and 48.18. For the reasons stated above, it is clear that this opinion does not deprive the penalty provisions of secs. 66.054 (25) and 176.31 of "force and effect."
RWW:DJB *Page 99