DAVID E. HOEL, District Attorney Columbia County
You have requested my opinion as to whether an adult who furnishes beer or liquor to a minor may be charged criminally with contributing to the delinquency of a child under sec. 947.15 (1)(a), Stats., or whether only civil action may be taken against the adult under secs. 66.054 (20)(a) or 176.30 (2), Stats.
Section 947.15 (1)(a), Stats., provides:
 (1) The following persons are guilty of a Class A misdemeanor, and if death is a consequence are guilty of a Class D felony:
 (a) Any person 18 or older who intentionally encourages or contributes to the delinquency of any child as defined in s. 48.02(3m) or the neglect of any child. This subsection includes intentionally encouraging or contributing to an act by a child under the age of 12 which would be a delinquent act if committed by a child 12 years of age or older . . . .
Section 48.02 (3m), Stats., defines delinquent as follows: "`Delinquent' means a child who is less than 18 years of age and 12 years of age or older who has violated any state or federal criminal law, except as provided in ss. 48.17 and 48.18."
Section 48.17, Stats., relates to jurisdiction over traffic and boating, civil law and ordinance violations. It covers both civil and criminal matters involving children. Section 48.18, Stats., sets forth the procedure for waiving jurisdiction of the juvenile court for alleged criminal law violations involving children sixteen years or older.
Pursuant to sec. 48.344, Stats., unlawful possession of beer or liquor violations by minors are civil in nature. Noting the reference to sec. 48.17, Stats., in sec. 48.02 (3m), Stats., you ask whether an unlawful possession of beer or liquor violation by a minor, a civil offense, constitutes an act of a "delinquent" which would permit prosecution of the furnishing adult under sec. 947.15 (1), Stats. In *Page 278 
other words, does the reference to sec. 48.17, Stats., in sec.48.02 (3m), Stats., permit the definition of "delinquent" to be expanded beyond criminal law violations?
It is my opinion that your questions must be answered no.
A review of legislative history is informative. The crime of contributing to the delinquency of a child initially was created as sec. 48.45 (4)(a), Stats., as part of the Children's Code by ch. 575, Laws of 1955. It provided criminal penalties for, "[a]ny person 18 or older who intentionally encourages or contributes to the delinquency or neglect of any child." Neither sec. 48.45 (4), Stats., nor sec. 48.02, Stats. (definitions), enacted at the same time, defined "delinquent." However, sec. 48.12, Stats., provided in part that: "The juvenile court has exclusive jurisdiction except as provided in ss. 48.17 and 48.18 over any child who is alleged to be delinquent because: (1) He has violated any state law or any county, town, or municipal ordinance."
Sections 48.17 and 48.18, Stats., related to jurisdiction of other state courts in cases of violations of civil and criminal laws by children.
Section 48.45 (4), Stats., was renumbered to sec. 947.15, Stats., in 1957
Chapter 125, Laws of 1971, repealed and recreated sec. 48.12, Stats., to provide in part:
 The juvenile court has exclusive jurisdiction, except as provided in s. 48.17 and 48.18 over any child:
 (1) Who is alleged to be delinquent because he has violated any federal criminal law, criminal law of any state, or any county, town or municipal ordinance that conforms in substance to the criminal law . . . .
Chapter 354, Laws of 1977, repealed and recreated sec. 48.12, Stats., defining delinquency therein as follows: "The court has exclusive jurisdiction, except as provided in ss. 48.17 and 48.18, over any child 12 years of age or older who is alleged to be delinquent because he or she has violated any federal or state criminal law." *Page 279 
Chapter 135, Laws of 1979, created sec. 48.02 (3m), Stats., defining "delinquent" and, together with ch. 300, Laws of 1979, amended and renumbered sec. 48.12, Stats., to provide: "The court has exclusive jurisdiction, except as provided in ss. 48.17 and 48.18, over any child 12 years of age or older who is alleged to be delinquent as defined in s. 48.02 (3m)."
Section 48.344, Stats., created by ch. 331, Laws of 1979, mandates that unlawful possession violations against children be disposed of as civil forfeiture actions. Pursuant to sec. 939.12, Stats., conduct punishable only by a forfeiture is not a crime.
Based on the legislative history and development of the pertinent statutes, it clearly appears that the definition of "delinquent" presently is intended to apply only to children who violate criminal laws.
Section 48.02 (3m), Stats., should be construed in pari materia
with sec. 48.12 (1), Stats. Jung v. State, 55 Wis.2d 714, 720,201 N.W.2d 58 (1970). When this is done, it is apparent that the phrase "except as provided in ss. 48.17 and 48.18" operates to exclude from the jurisdiction of the juvenile court those allegedly delinquent children whose cases are governed by secs. 48.17 and 48.18, Stats. Although there is no apparent need for the phrase to appear in sec. 48.02 (3m), Stats., as well as in sec. 48.12 (1), Stats., the Legislature may have inserted it into sec. 48.02 (3m), Stats., on the notion that this harmonized the section defining delinquency with the section governing jurisdiction over alleged delinquents. At any rate, the history of these and related statutes clearly shows that the Legislature did not intend to expand the definition of delinquent by its reference to secs. 48.17 and 48.18, Stats. As was stated in 63 Op. Att'y Gen. 95, 98 (1974): "The legislative intent in enacting sec. 48.12 is clear. It is intended to grant exclusive jurisdiction to the juvenile court over all crimes committed by persons under 18 years of age, except as specifically provided in secs. 48.17 and 48.18.
Further, since sec. 947.15, Stats., is a criminal statute it must be strictly construed. As indicated above, an interpretation expanding its application to a minor's civil violations is not supportable.
BCL:DAM *Page 280