**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 18, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP172**

Cir. Ct. No. **2024FO1971**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

DANE COUNTY,

    PLAINTIFF-RESPONDENT,

V.

JERAMIAH BRADLEY,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Dane County: MARIO WHITE, Judge. *Reversed and cause remanded with directions*.

¶1 NASHOLD, J.[1] Jeramiah Bradley was charged with a forfeiture offense for possessing a firearm within 1,000 feet of a school. He moved to dismiss the complaint, arguing that under the facts alleged, he could not be guilty

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(g) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

of the forfeiture. At the hearing on Bradley's motion, the State[2] conceded that Bradley was correct, and the circuit court dismissed the action. Bradley then submitted a bill of costs, arguing that under WIS. STAT. ch. 778, which governs certain forfeiture actions, a defendant receiving a favorable judgment is entitled to various costs, including attorney fees. The court denied Bradley's request for costs, and Bradley appealed the denial. Because I conclude that Bradley is entitled to the costs he seeks, I reverse.

## BACKGROUND

¶2 The complaint alleged that Bradley knowingly possessed a firearm at a place he knew or had reason to know was within 1,000 feet of a school, in violation of WIS. STAT. § 948.605(2)(a). Bradley argued in his dismissal motion that he is a concealed-carry permit holder, that he was not subject to § 948.605(2)(a) unless he possessed the firearm while on the grounds of a school as that term is defined in the relevant statutes, and that the complaint failed to allege that he was on the grounds of a school. *See* § 948.605(1)(b), (2)(b)1r.; WIS. STAT. § 948.61(1)(b).

¶3 At the beginning of the hearing on Bradley's dismissal motion, the assistant district attorney agreed with Bradley's position, saying that she had studied the statutes and concluded that Bradley could not be charged under WIS. STAT. § 948.605 because the case involved a school administration building, which is not included in the definition of "school" under WIS. STAT.

---

[2] For reasons that will be explained below, the plaintiff-respondent in this action should be the State of Wisconsin, rather than Dane County. This opinion will refer to the plaintiff-respondent as "the State" throughout.

2

§ 948.61(1)(b). The prosecutor stated: "[I]n … reading … the statute, I think [the] defense wins this motion, and the State concedes on that basis and will be dismissing the forfeiture action accordingly."

¶4 Bradley then submitted a bill of costs pursuant to WIS. STAT. § 778.20, seeking compensation for jury fees, the judgment docketing fee, the electronic filing fee, and $300 in attorney fees, for a total of $381.85. The State objected. A few days later, the circuit court issued a written decision denying Bradley's request for costs. Bradley appeals.

## DISCUSSION

### I. Standard of Review

¶5 This case turns on the construction of statutes, a task this court performs independently of the circuit court. *State v. Keith*, 216 Wis. 2d 61, 68, 573 N.W.2d 888 (Ct. App. 1997). In construing a statute, this court first looks to the language of the statute. This court interprets statutes with an eye toward their "scope, context, and purpose" as discerned from the text. *Service Emps. Int'l Union Healthcare Wis. v. WERC*, 2025 WI 29, ¶10, 416 Wis. 2d 688, 22 N.W.3d 876.

### II. The Text of WIS. STAT. § 778.20

¶6 "[I]n this state costs are regulated exclusively by statute as a matter of legislative discretion." *City of Milwaukee v. Leschke*, 57 Wis. 2d 159, 161, 203 N.W.2d 669 (1973). "In the absence of a statute authorizing costs they are not recoverable." *Id.*

¶7     Bradley contends that he is entitled to costs under WIS. STAT. § 778.20. WISCONSIN STAT. ch 778 is titled "Collection of forfeitures" and lays out procedures for prosecuting various types of forfeiture cases in both municipal and circuit courts. Section 778.20 provides:

> In all actions brought under [WIS. STAT §] 778.10 the town, city, village or corporation in whose name such action is brought shall be liable for the costs of prosecution; and, if judgment be for defendant, for all the costs of the action, and judgment shall be entered accordingly. In all other actions brought under the provisions of this chapter, except as provided in [WIS. STAT §] 778.04, the county in which the forfeiture was incurred shall be liable for the costs of the prosecution, and, if judgment be for defendant, for all the costs of the action.

¶8     Bradley specifically relies on the second sentence of this provision, which by its terms governs all actions brought under WIS. STAT. ch. 778 other than those brought under WIS. STAT. § 778.10. (The noted exception for cases affected by WIS. STAT. § 778.04 does not apply here.) Section 778.10 governs the recovery of "forfeitures imposed by any ordinance or regulation of any county, town, city, or village, or of any other domestic corporation." As Bradley notes, the forfeiture with which he was charged is found in the state statutes (specifically, WIS. STAT. § 948.605) rather than in a municipal ordinance. Thus, this is not an action brought under § 778.10. Rather, as Bradley maintains, this is an action brought under WIS. STAT. § 778.01, which authorizes civil actions to recover "a forfeiture imposed by statute" so long as the act or omission involved is not punishable by a fine and/or by imprisonment.[3] *See* WIS. STAT. § 939.12 (conduct punishable by

---

[3] A different section, WIS. STAT. § 778.02, provides that every action to recover a forfeiture imposed by statute "shall be in the name of the state of Wisconsin." This is why, as both parties now agree, the caption of this case is erroneous. The district attorney's office is authorized to prosecute both forfeitures imposed by statute and forfeitures imposed by county ordinance in conformity with state criminal laws. WIS. STAT. § 978.05(2). Thus, the district

(continued)

fine or imprisonment or both is a crime; conduct punishable only by forfeiture is not a crime). Bradley argues that because this action was brought under § 778.01, it is an action "brought under the provisions of" ch. 778, but not under § 778.10, and so the second sentence of WIS STAT. § 778.20 applies. Thus, he argues that "the county in which the forfeiture was incurred" (Dane County) is "liable for the costs of the prosecution" and that because judgment was for Bradley, the county is also liable for "all the costs of the action." § 778.20. Those "costs," including statutory attorney fees, are in turn specified in WIS. STAT. § 814.04, which establishes costs "when allowed." *See also* WIS. STAT. § 801.01(2) (applying WIS. STAT. chs. 801-847 to all civil actions "except where different procedure is prescribed by statute or rule").

### III. The State's Arguments

¶9 The State raises several objections to Bradley's reading of WIS. STAT. § 778.20, each depending on a different statutory phrase.[4] In the order in which the terms appear in the statute, the State argues that: (1) this case is not an

---

attorney would be authorized to bring this action whether it was grounded in a state statute or a county ordinance. However, because the forfeiture with which Bradley was charged is found in the state statutes, the district attorney should have brought the case as the "State of Wisconsin v. Jeramiah Bradley." (Actions to recover municipal forfeitures, on the other hand, are properly brought "in the name of the county, town, city, village, or corporation." WIS. STAT. § 778.10.) No party has suggested that this error affects the outcome of the case.

[4] The State's brief does not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). This rule was amended in 2021, *see* S. CT. ORDER 20-07 (eff. July 1, 2021), and the reason for the amendment is that briefs are now electronically filed in PDF format, and are electronically stamped with page numbers when they are accepted for e-filing. As our supreme court explained when it amended the rule, the new pagination requirements ensure that the numbers on each page of a brief "will match ... the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. S. CT. ORDER 20-07 cmt. at x1.

"action[] brought under the provisions of [WIS. STAT. ch. 778]"; (2) no "forfeiture was incurred"; and (3) "judgment" was not entered for Bradley. I address each argument in turn.

A. *The State brought this action under WIS. STAT. ch. 778.*

¶10 The State offers two arguments as to why its forfeiture action against Bradley was not "brought under the provisions of [WIS. STAT. ch. 778]" such that the cost-shifting rule of WIS. STAT. § 778.20 does not apply. Neither is persuasive.

¶11 Focusing on the first sentence of WIS. STAT. § 778.20, the State first notes that "[t]his is not … a forfeiture under [WIS. STAT. §] 778.10." Although this is true, it is beside the point. As discussed above, Bradley does not claim that this action was brought under § 778.10, which governs municipal forfeitures; rather, he correctly argues that this case falls under WIS. STAT. § 778.01, which governs forfeitures found in state statute, and is therefore covered by the second sentence in § 778.20. At the risk of stating the obvious, an action brought under § 778.01 is necessarily an "action brought under the provisions of [WIS. STAT. ch. 778]." § 778.20. As such, an action brought under § 778.01, just like one brought under § 778.10, is subject to the cost-shifting provisions of § 778.20. The State's observation that § 778.10 is inapplicable does not support its position that the entire chapter is inapplicable.

¶12 The State next argues that, rather than being brought under WIS. STAT. ch. 778, this action was brought under WIS. STAT. § 978.05(2). This provision is part of the statute titled "Duties of the district attorney," and it lists several categories of forfeitures that it authorizes district attorneys to prosecute. What it does not do, however, is provide any procedures under which forfeitures

6

could be prosecuted. That is, § 978.05(2) confers on the district attorney the duty to prosecute forfeitures. It does not set out the rules for how such actions are filed, what the complaint must contain, or what sums a complaint may seek; all of those matters are found in ch. 778. WIS. STAT. §§ 778.02, .03, .06. Thus, even though the State is correct that § 978.05(2) applies to this case—in that the statute empowered the district attorney's office to file the action in the first place—this fact does not suggest that ch. 778, which lays out rules for forfeiture actions, does not also apply. To illustrate by analogy, another subsection of § 978.05 directs district attorneys to prosecute all criminal actions within the prosecutorial unit. *See* § 978.05(1). But the procedures for criminal prosecutions are not found in § 978.05(1); rather, they are found chiefly in WIS. STAT. chs. 967-974. It would be unreasonable to say that these procedures do not apply to criminal cases because a district attorney's duty to prosecute crimes is set out in § 978.05(1). It is equally incorrect to claim, as the State does here, that § 978.05(2), in empowering district attorneys to prosecute forfeitures, removes such prosecutions from the procedural statutes that expressly govern them.

¶13 To be clear, WIS. STAT. ch. 778 does not govern all forfeitures. WISCONSIN STAT. ch. 66, for example, sets forth its own procedural provisions for certain forfeitures brought by municipal entities. *See* WIS. STAT. §§ 66.0113-.0114. But the State offers no source of procedure applicable to *this* case other than ch. 778. I conclude that this case is an action to recover a "forfeiture imposed by statute" under WIS. STAT. § 778.01, and thus is an action "brought under the provisions of [ch. 778]," potentially subject to the cost-shifting imposed by WIS. STAT. § 778.20.

B. *This was an (unsuccessful) action to recover a "forfeiture" the State claimed "was incurred" in Dane County.*

¶14     The State's second argument is that this case does not involve a "forfeiture [that] was incurred" as that phrase is used in WIS. STAT. § 778.20. *See* § 778.20 ("[T]he county in which the forfeiture was incurred shall be liable for the costs of the prosecution, and, if judgment be for defendant, for all the costs of the action."). This was also the reason the circuit court gave for denying Bradley's request for costs, saying, "[The State] has not initiated a civil action to collect any forfeiture against the defendant." Although the State does not present its argument in detail, the gist seems to be that the statutory reference to the county where the "forfeiture was incurred" means that the provision applies only if there has been some previous event—presumably litigation—establishing that the forfeiture is owed. That is, in the State and the circuit court's view, § 778.20 governs fees only where the State has already proven the forfeiture and is pursuing some type of collection action under WIS. STAT. ch. 778.

¶15     There are several problems with this argument. For one, it depends entirely on reading the word "incurred" to mean "imposed by a court," which, as noted above, would have had to occur in a prior proceeding. But the phrase "forfeiture was incurred" does not lead to the conclusion that the forfeiture has previously been ordered by a court. To "incur" is "to become liable or subject to," *Incur*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/incur (last visited September 12, 2025), or to "suffer or bring on oneself (a liability or expense)." *Incur*, BLACK'S LAW DICTIONARY (12th ed. 2024). Therefore, one can "incur" a forfeiture by "becom[ing] liable or subject to" it— that is, by committing the act for which the law imposes the forfeiture. The term itself implies no requirement that one must have been previously adjudicated

8

guilty of a forfeiture offense to have "incurred" it. In fact, other jurisdictions have expressly held that one "incurs" the penalty for an act at the moment one commits the act. *See United States v. Goncalves*, 642 F.3d 245, 252 (1st Cir. 2011) ("'Incurred' means 'to which one is subject'—not 'already imposed'—and so looks to the time of the conduct that makes the defendant liable rather than the date of conviction or imposition of sentence." (quoted source omitted)); *Patrick v. Commissioner of Corr.*, 227 N.E.2d 348, 351 (Mass. 1967) ("'punishment, penalty or forfeiture' is 'incurred' … at the time the offence for which punishment is imposed is *committed*" (quoted source omitted; emphasis added)). The term "incurred" thus does not carry the necessary implication that a forfeiture has previously been "imposed" by legal process.

¶16 Second, statutory language is interpreted with a view toward its "scope, context, and purpose," at least when these things are "ascertainable from the text and structure of the statute itself." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶48, 271 Wis. 2d 633, 681 N.W.2d 110. Looking at WIS. STAT. § 778.20, the context of the phrase "forfeiture was incurred" suggests that the phrase is not directed toward restricting a defendant's costs to the successful defense of a collection action. Rather, the phrase establishes who is responsible for paying costs when a defendant prevails in any forfeiture action under WIS. STAT. ch. 778. Section 778.20 itself is titled "Who liable for costs," and it allocates responsibility for the "costs of prosecution" and "costs of the action" in two types of cases brought by two different types of governmental plaintiffs: a municipal entity ("town, city, village or corporation") that is authorized to prosecute forfeitures imposed by ordinance under WIS. STAT. § 778.10; or, in the case of forfeitures imposed by statute, the State. If a case is brought by the State (that is, if it concerns a statutory forfeiture), the county where

the action accrued (and whose district attorney's office is responsible for initiating the prosecution under WIS. STAT. § 978.05(2)) is responsible for the costs of prosecution and, if the defendant wins the case, the costs of the entire action. That is, § 778.20's phrase "county in which the forfeiture was incurred" localizes the responsibility for costs where the State is a party and there is a judgment for the defendant; it does not define a category of collection actions in which a defendant may receive costs.

¶17　Taking a step back and looking at statutory context and purpose more broadly, nothing in WIS. STAT. ch. 778 supports the State's view that the chapter provides a mechanism to collect forfeitures previously imposed rather than to determine liability for those forfeitures in the first place. Instead of describing collection mechanisms, the chapter as a whole lays out procedures for alleging and proving that a person has violated a statute for which the penalty is a forfeiture.

¶18　For example, WIS. STAT. § 778.02, governing actions for forfeitures created by statute, requires the State to specify the statute which imposes the forfeiture, and, if that statute describes "several offenses or delinquencies," to "specify the particular offense or delinquency for which the action is brought." WISCONSIN STAT. § 778.06 instructs the court or jury to render judgment for "such sum as the court or jury shall assess or determine to be proportionate to the offense." And WIS. STAT. § 778.10 directs municipalities proceeding under the chapter to "allege in the complaint that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, specifying the ordinance or regulation that imposes it" and requires that "[i]f the ordinance or regulation imposes a penalty or forfeiture for several offenses or delinquencies, the complaint shall specify the particular offenses or delinquency for which the action is brought." None of these provisions—which describe the actions for which the chapter, as a whole,

establishes the procedure—outline a mechanism merely for collecting forfeitures previously imposed. It would be anomalous if the chapter's provision for assigning costs in State forfeiture actions applied only to actions—the State's hypothesized collection-type actions—the rest of the chapter does not contemplate.[5]

C. *The dismissal of the forfeiture was a "judgment ... for defendant" under* WIS. STAT. § 778.20.

¶19 The State suggests that Bradley cannot recover costs because "the circuit court never awarded [him] a judgment." *See* WIS. STAT. § 778.20 (county is responsible for costs "if judgment be for defendant"). Bradley notes that the term "judgment" is defined within the statutory civil procedure rules as "the determination of the action." WIS. STAT. § 806.01(1)(a). By operation of WIS. STAT. § 801.01(2), this definition applies to "all civil actions … except where different procedure is prescribed by statute or rule." A forfeiture proceeding is a "civil action." *Village of Bayside v. Bruner*, 33 Wis. 2d 533, 535, 148 N.W.2d 5 (1967); WIS. STAT. § 778.01 (forfeitures imposed by statute "may be recovered in a civil action"). Therefore, the circuit court's dismissal of the forfeiture appears to be a judgment, in that it determined the action by rendering Bradley not liable. This conclusion would be undermined by showing that a "different procedure" laid out elsewhere provides a different meaning for the word "judgment" in this

---

[5] WISCONSIN STAT. ch. 778 does include a provision for "Collection of forfeitures and related charges by assignment" in its last section, WIS. STAT. § 778.30. Notably, this section does not describe litigation, but rather the docketing of judgments, the garnishment of wages, and other means of enforcing debts generally. Because it does not concern adversary litigation, this section is not likely to give rise to situations in which "judgment" could "be for defendant"; thus, it would not make sense to conclude that WIS. STAT. § 778.20's reference to "forfeiture[s] … incurred" invokes the collection procedures in § 778.30.

context, but, as explained below, the State's arguments on this point are unpersuasive.

¶20 The State suggests that a different definition of the term "judgment" applies in forfeiture cases, asserting that "[t]here are two types of judgments in a criminal or state forfeiture action: conviction and acquittal." Because the dismissal here was neither a conviction nor an acquittal, the State argues, the dismissal was not a "judgment" by this definition. But the statute the State cites for this claim is WIS. STAT. § 972.13, which governs criminal trials. This case is not a criminal trial, and the State does not attempt to explain why § 972.13 has any application here.

¶21 The State also cites *Dane County v. Gibbs*, No. 2012AP2589, unpublished slip op. (WI App Apr. 4, 2013), as persuasive authority: specifically, as a forfeiture case in which this court affirmed the circuit court's denial of fees to the defendant. But that defendant, Gibbs, did "not assert that a judgment was entered in favor of him," *id.*, ¶4, so this court had no occasion to consider what constitutes a "judgment" under WIS. STAT. § 778.20. The *Gibbs* analysis instead focused on WIS. STAT. § 814.23, which applies to actions in which a county is a party, and directs that costs go to the "prevailing party." *See Gibbs*, No. 2012AP2589, ¶5. Here, erroneous caption notwithstanding, Dane County is not a party to the action; therefore, § 814.23 does not apply. The State has not supplied an applicable definition of "judgment" that differs from the one given in WIS. STAT. § 806.01(1)(a). Accordingly, I accept Bradley's argument that the court's dismissal of the forfeiture was the "determination of the action" and thus constituted "judgment … for defendant" under § 778.20.

12

D. *The State's policy argument is not persuasive.*

¶22    The State's final argument is that permitting a forfeiture defendant to recover costs when the plaintiff voluntarily dismisses the action will have a "profound, detrimental effect … on the people of Wisconsin" in that the State will be unlikely—due to the risk of having to pay attorney fees—to voluntarily dismiss forfeiture actions even when such dismissals are for good reason and to the community's benefit.  The State's concern is speculative and unsupported by any facts.  This is not the first case to hold that the statutes require the government, as the plaintiff in a forfeiture, to pay the defendant's costs when the defendant prevails; *Leschke* reached this conclusion more than 50 years ago.  *See Leschke*, 57 Wis. 2d at 165.  What is more, given the clarity of the statutes and the dearth of prior appellate cases on this point, there is no reason to believe that defendants do not *already* routinely recover costs in situations like this one.  Finally, I note that the statutory attorney fees, which make up most of the costs at issue here, range from $100 to a maximum of $500, WIS. STAT. § 814.04(1)(a), and only come into play when the defendant in a forfeiture action actually hires a lawyer, *see* § 814.04(1)(c).  It therefore seems likely that the effect of this decision on "the people of Wisconsin" will be rather modest.  But more importantly, whether or not this assessment is correct, the statutes say what they say.  This court cannot substitute its judgment for that of the legislature.

## CONCLUSION

¶23    For all the reasons set forth above, the circuit court's order denying costs is reversed, and the case is remanded so that the court may assess costs as the statutes require.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.